**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PREMIER HEALTH CENTER, P.C., et al.,<br><br>       Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, et al.,<br><br>       Defendants. | Civ. No. 11-425 (ES)<br><br>**O P I N I O N** |

*Appearances by:*

POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
By: D. Brian Hufford, Esq.
  Robert J. Axelrod, Esq.
  Jason S. Cowart, Esq.
  Anthony F. Maul, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016

BUTTACI & LEARDI, LLC
By: Vincent N. Buttaci, Esq.
  John W. Leardi, Esq.
  Paul D. Werner, Esq.
103 Carnegie Center, Suite 101
Princeton, New Jersey 08540

  *Attorneys for Plaintiffs*

GRAHAM CURTIN, P.A.
By: Thomas R. Curtin, Esq.
  George C. Jones, Esq.
  Kathleen N. Fennelly, Esq.
4 Headquarters Plaza

P.O. Box 1991
Morristown, New Jersey 07962

O'MELVENEY & MYERS LLP
By: Brian D. Boyle, Esq.
    Gregory F. Jacob, Esq.
    William T. Buffaloe, Esq.
1625 Eye Street, N.W.
Washington, DC 20006

*Attorneys for Defendants UnitedHealth Group, UnitedHealthCare Services, Inc., and OptumHealth Care Solutions, Inc.*

**DEBEVOISE, Senior District Judge**

This matter arises out of the methods by which Defendant UnitedHealth Group ("United") recoups benefit overpayments from healthcare providers. On January 24, 2011, Plaintiffs Premier Health Center, P.C. ("Premier"), Judson G. Sprandel, II, D.C., Brian S. Hicks, D.C., Tri3 Enterprises, LLC ("Tri3"), Beverly Hills Surgical Center ("BHSC"), and Jeremy Rogers, D.C.[1] filed a Complaint against United and several of its subsidiaries, including United HealthCare Services, Inc. ("United Healthcare"), OptumHealth Solutions, Inc. ("Optum"), Health Net of the Northeast, Inc. ("HNNE"), and Health Net of New York, Inc. ("HNNY"), asserting claims for benefits, failure to provide a full and fair review, and for equitable relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq.

On April 22, 2011, Plaintiffs filed an Amended Complaint, which added Amy O'Donnell, D.C., as a Plaintiff as well additional factual allegations in support of Plaintiffs' claims. The Amended Complaint sets forth two proposed classes: the ERISA Recoupment Class and the

---

[1] Joining in the Complaint on behalf of their members are the Congress of Chiropractic State Associations, the American Chiropractic Association, the Ohio State Chiropractic Association, and the Missouri State Chiropractic Association.

ERISA Chiropractor Class. The ERISA Recoupment Class, whose named Plaintiffs are Tri3, BHSC, and Dr. Sprandel, is defined as:

> All healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the filing date of this action to its final termination ("ERISA Class Period"), provided healthcare services to patients insured under healthcare plans governed by ERISA and insured or administered by Defendants, and who, after having received payments from Defendants, were subjected to retroactive requests for repayment of all or a portion of such payments and/or to recoupments or coerced repayments of prior benefits.

(Amend. Compl. ¶ 135.) The ERISA Recoupment Class asks the Court "(1) to enjoin Defendants from continuing to compel return of prior payments of plan benefits; (2) to order Defendants to return to all Class members all funds, plus interest, that Defendants have withheld to offset the amounts demanded or that have been paid by Class members to Defendants in response to such demands; and (3) to declare that any future efforts to recoup payments for errors or mistakes in prior payments must comply with the specific requirements under ERISA for adverse benefit determinations." (Id. ¶ 137.)

The ERISA Chiropractor Class, whose named Plaintiffs are Dr. Rodgers and Dr. O'Donnell, is defined as:

> All chiropractic physicians who, from six years prior to the filing date of this action to its final termination ("ERISA Class Period"), provided healthcare services to patients insured under healthcare plans governed by ERISA and insured or administered by Defendants, and whose claims were subjected to utilization review requirements imposed by United and/or Optum.

(Amend. Compl. ¶ 136.) The ERISA Chiropractor Class seeks "to enjoin Defendants from (1) tiering providers based on statistical parameters, (2) denying treatment plans without regard to patients' medical needs, (3) imposing pre-certification requirements on patient care without regard to the terms of the ERISA health care plans, and (4) threatening providers with being placed on a lower tier or potential loss of network participation if they do not defer to Optum's

3

demands by limiting care to patients, and to compel United and Optum to replace them with policies and procedures which comply with ERISA." (Id. ¶ 137.)

On June 21, 2011, Defendants moved to dismiss the Amended Complaint. On March 30, 2012, the Court issued an Opinion and Order denying the motion with respect to Plaintiffs' claims against United, UnitedHealthcare, and Optum, but granting the motion with respect to all of Plaintiffs' claims against HNNE and Plaintiffs' claim against HNNY for failure to provide a full and fair review under ERISA. The Court dismissed all of Plaintiffs' claims against HNNE, and their claim against HNNY for failure to provide a full and fair review, without prejudice.

On June 9, 2012, Plaintiffs moved to certify both the ERISA Chiropractor Class and the ERISA Recoupment Class. Defendants opposed the motion. In addition, on October 12, 2012, Defendants moved for summary judgment against the named Plaintiffs of the ERISA Chiropractor Class. On August 1, 2013, the Court issued an Opinion and Order (1) granting Defendants' Motion for Summary Judgment against the ERISA Chiropractor Class; and (2) denying Plaintiffs' Motion to Certify the ERISA Recoupment Class.[2]

On April 15, 2013, Plaintiffs filed a Second Amended Complaint ("SAC"), which set forth additional allegations in support of their claims. The SAC proposed the same classes as those in the Amended Complaint.

On August 16, 2013, Plaintiffs filed a renewed Motion for Class Certification, which proposed two new classes: the ONET Repayment Demand Class and the ONET Offset Class. In response, Defendants moved to strike Plaintiffs' renewed Motion for Class Certification.[3] For

---

[2] The Court denied Plaintiffs' Motion to Certify the ERISA Chiropractor Class as moot.

[3] Defendants will also oppose Plaintiffs' renewed motion for class certification, in substance, pending the disposition of Defendants' Motion to Strike and the conclusion of outstanding discovery.

the reasons set forth below, Defendants' Motion to Strike is GRANTED with respect to the ONET Offset Class and DENIED with respect to the ONET Repayment Demand Class.

## I. BACKGROUND

The facts of this case are fully set forth in Premier Health Ctr. v. UnitedHealth Grp., Civ. No. 11-425, 2013 WL 3943516 (D.N.J. Aug. 1, 2013). Thus, for the sake of brevity, the Court will set forth only those facts that are necessary to the disposition of Defendants' Motion to Strike.

United engages in a multistep process to recover benefit overpayments from healthcare providers that it determined to have been overpaid. First, Defendants send a letter to the provider identifying (1) the specific claim that was overpaid on behalf of a particular United plan member ("the Member A Claims"); (2) the amount that United overpaid on that claim; and (3) the basis on which it determined the overpayment. These letters further (1) request a check from the provider for the overpaid amount; (2) note that the provider may appeal United's assessment; and (3) state that if the provider does not remit the overpaid amount, United may deduct that amount from future claims submitted by that provider. To the extent a provider does not voluntarily remit an overpaid amount, United will offset that amount from a future claim submitted by the provider, oftentimes on behalf of a different United plan member ("the Member B Claims").

In their renewed Motion for Class Certification, Plaintiffs define the ONET Repayment Demand Class as:

> All ONET [out of network] healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the original filing date of this action to its final termination ("Class Period"): (1) provided healthcare services or supplies to patients insured under healthcare plans governed by ERISA and insured or administered by United, and (2) after having received benefit payments from United, were subjected to retroactive repayment demands for all or a portion of such payments. Excluded from this class are all providers who

> voluntarily paid United in response to United's repayment demand or affirmatively authorized subsequent recoupments or offsets as a means to repay the alleged overpayments.

(Pl.'s Br. Class Cert. [ECF No. 225-1], 3.) The ONET Repayment Demand Class is intended to encompass the Member A Claims.

The ONET Offset Class is defined as:

> All ONET healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the original filing date of this action to its final termination ("Class Period"): (1) submitted claims for benefits to United for services or supplies provided to patients insured under healthcare plans governed by ERISA and insured or administered by United; and (2) did not receive such benefit payments because United applied the payment otherwise due under the plan toward an alleged overpayment for a claim submitted by the provider on behalf of a different patient. Excluded from this class are all providers who affirmatively authorized subsequent recoupments or offsets as a means for United to recover the alleged overpayments.

(Pl.'s Br. Class Cert. [ECF No. 225-1], 7.) The ONET Offset Class is intended to encompass the Member B Claims.

## II. DISCUSSION

Defendants now move to strike Plaintiffs' renewed Motion for Class Certification. In doing so, they argue that (1) the proposed ONET Offset Class was not properly pled and has not been previously pursued by Plaintiffs, resulting in great prejudice to Defendants; (2) the entire renewed Motion for Class Certification violates the Court's scheduling order; and (3) the entire renewed Motion for Class Certification is, in effect, an out-of-time Motion for Reconsideration, and must be denied. Plaintiffs argue that (1) they set forth the underlying facts of the ONET Offset Class in the SAC and pursued the issue of offsets throughout this litigation; and (2) in light of the Court's previous class certification decision, it would be highly inequitable to strike Plaintiffs' renewed certification motion.

**A.	Standard of Review**

Under Federal Rule of Civil Procedure 23(c)(1)(C), the Court has discretion to alter or amend an order granting or denying class certification at any time before final judgment. See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig., 55 F.3d 768, 793 n.14 (3d Cir. 1995) ("Under Rule 23(c)(1), the court retains the authority to re-define or decertify the class until the entry of final judgment on the merits. This capacity renders all certification orders conditional until the entry of judgment." (citation omitted)); In re Public Offering Sec. Litig., 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." (citations omitted)).

In general, "there must be some development or change in circumstances to merit revisiting a class certification decision." In re J.P. Morgan Chase Cash Balance Litig., 255 F.R.D. 130, 133 (S.D.N.Y. 2009) (citation omitted). "Rule 23 envision[s] modification of a class certification if, upon fuller development of the facts, the original determination appears unsound." Zenith Labs., Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976).

**B.	Defendants' Motion to Strike**

*i.	The ONET Offset Class*

Defendants argue that Plaintiffs' newly proposed ONET Offset Class should be struck because (1) the SAC does not provide fair notice of the central allegations in support of the ONET Offset Class; and (2) Defendants would be prejudiced by permitting Plaintiffs to now pursue certification of the ONET Offset Class.[4] Plaintiffs counter that (1) in the SAC and throughout this litigation, they clearly allege that Defendants' process of offsetting healthcare

---

[4] Defendants further argue that Plaintiffs should not be permitted to amend the Second Amended Complaint to add allegations in support of the proposed ONET Offset Class because any such amendment would be futile. The Court will not consider this argument at this time, however, because it exceeds the scope of a Motion to Strike.

benefit overpayments violates ERISA; (2) Defendants' failure to acknowledge this allegation does not justify striking Plaintiffs' renewed Motion for Class Certification; and (3) Defendants will not suffer prejudice if Plaintiffs are allowed to pursue certification of the ONET Offset Class.

Defendants' arguments are highly persuasive. The central theory of the ONET Offset Class is nowhere to be found in the SAC. To be sure, in the SAC and throughout this litigation, Plaintiffs have consistently alleged that Defendants' process of offsetting unremitted benefit overpayments from a provider's future benefit claims violates ERISA. In doing so, however, Plaintiffs framed these offsets as part and parcel to Defendants' adverse benefit determination[5] ("ABD") against the Member A Claims. That is, according to Plaintiffs' theory of the case up until their renewed Motion for Class Certification, Defendants' overpayment demand with respect to a Member A Claim, and the offset of benefits from a Member B Claim, amounted to a single ABD against the Member A Claim.

In their renewed Motion for Class Certification, however, Plaintiffs contend that, under ERISA, the overpayment demand on the Member A Claim constitutes one ABD, while the offset against the Member B Claim amounts to an entirely separate and distinct ABD. This is an entirely new theory of the case, of which neither Defendants nor the Court had notice. Moreover, it is undisputed that this belated new theory requires substantial additional class

---

[5] As noted in the Court's August 1, 2013 Opinion, "Under ERISA, an "'adverse benefit determination' means any of the following: a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit . . .'" Premier Health Ctr., 2013 WL 3943516, at *14 (quoting 29 C.F.R. § 2560.503–1(m)(4)). "If an insurer makes an adverse benefit determination ("ABD") under an ERISA plan, a member or beneficiary of that plan is entitled to certain rights under ERISA, including (1) sufficient notice of the ABD; (2) the right to an appeal the ABD; and (3) a full and fair review of the appeal." Id. (citing 29 C.F.R. § 2560.503–1(g)–(h)).

discovery on the Member B claims, in which the parties are currently engaged. This additional discovery occurs at Defendants' expense and significantly delays this litigation.

Furthermore, there is no indication whatsoever of factual developments or other changed circumstances that would merit consideration of the belatedly proposed ONET Offset Class. See Zenith Labs, 530 F.2d at 512. Indeed, Plaintiffs provide no reason why they could not have proposed the ONET Offset Class, or, at the very least, set forth its central theory, in their pleadings. Plaintiffs now must now accept the results of their failure to do so. They cannot set forth an entirely new theory of their case and demand discovery, at this late date, and at great expense to Defendants, when they had every opportunity to so previously. Consequently, Defendants' Motion to Strike the ONET Offset Class is granted.[6]

### ii.     *The ONET Repayment Demand Class*

Defendants argue that Plaintiffs' newly proposed ONET Repayment Demand Class should be struck for many of the reasons set forth in support of striking the ONET Offset Class. To be sure, Plaintiffs had the opportunity to propose the ONET Repayment Demand Class in their initial Motion for Class Certification, or in response to Defendants' opposition to that motion. As Defendants point out, there is no indication of any changed circumstances that would call into question the Court's ruling on Plaintiffs' initial Motion for Class Certification.

---

[6] Although not necessary to the Court's decision to strike Plaintiffs' newly proposed ONET Offset Class, it should be noted that Plaintiffs' new theory of the case—that Defendants' procedures to recoup benefit overpayments results in two distinct ABDs—while perhaps technically truly as a matter of ERISA law, presents significant pragmatic difficulties that would make it difficult, if not impossible, for the ONET Repayment Class and the ONET Offset Class to coexist. For one, by offsetting amounts from Member B Claims in order to recoup unremitted overpayments on Member A Claims, Defendants are, as a practical matter, only reducing the benefits of one plan member. Furthermore, while a provider could, in theory, balance bill Member B in response to Defendants' offset, it would be illogical to do so, and the provider would likely instead balance bill Member A.

However, there is also no indication that Defendants would be substantially prejudiced if the Court were to consider the ONET Repayment Demand Class, even at this late date. Unlike the ONET Offset Class, Defendants do not dispute that they had notice of the central theory of the ONET Repayment Demand Class, and that consideration of the ONET Repayment Demand Class would not require additional discovery. Indeed, the ONET Repayment Demand Class is a significantly narrowed version of Plaintiffs' initially proposed ERISA Recoupment Class.

Thus, while Plaintiffs should have proposed the ONET Repayment Demand Class at the time the Court was considering the initial Motion for Class Certification, Defendants would suffer relatively minimal prejudice, and this litigation would not be significantly delayed, if the Court were to exercise its broad discretion under Rule 23(c)(1)(C) and now consider the ONET Repayment Demand Class. Moreover, as Plaintiffs point out, the ONET Repayment Demand Class attempts to comport with the Court's August 1, 2013 rulings on the ERISA Recoupment Class, which found significant merit to that proposed class, but pointed out certain obstacles to certification. Without a finding of substantial prejudice to Defendants, the Court cannot deny consideration of the ONET Repayment Demand Class on a relatively technical ground. Consequently, Defendants' Motion to Strike the ONET Repayment Demand Class is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Plaintiffs' renewed Motion for Class Certification is GRANTED with respect to the ONET Offset Class and DENIED with respect to the ONET Repayment Demand Class. The ONET Offset Class is struck.

The Court will enter an order implementing this opinion.

    **/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 20, 2013