**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMIER HEALTH CENTER, P.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, et al., <br><br> Defendants. | Civ. No. 11-425 (ES) <br><br> **O P I N I O N** |

*Appearances by:*

POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
By: D. Brian Hufford, Esq.
     Robert J. Axelrod, Esq.
     Jason S. Cowart, Esq.
     Anthony F. Maul, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016

BUTTACI & LEARDI, LLC
By: Vincent N. Buttaci, Esq.
     John W. Leardi, Esq.
     Paul D. Werner, Esq.
103 Carnegie Center, Suite 101
Princeton, New Jersey 08540

    *Attorneys for Plaintiffs*

GRAHAM CURTIN, P.A.
By: Thomas R. Curtin, Esq.
     George C. Jones, Esq.
     Kathleen N. Fennelly, Esq.
4 Headquarters Plaza

P.O. Box 1991
Morristown, New Jersey 07962

O'MELVENEY & MYERS LLP
By: Brian D. Boyle, Esq.
    Gregory F. Jacob, Esq.
    William T. Buffaloe, Esq.
1625 Eye Street, N.W.
Washington, DC 20006

>    *Attorneys for Defendants UnitedHealth Group, UnitedHealthCare Services, Inc., and OptumHealth Care Solutions, Inc.*

**DEBEVOISE, Senior District Judge**

This matter arises out of the methods by which Defendant UnitedHealth Group ("United") recoups benefit overpayments from healthcare providers. On January 24, 2011, Plaintiffs Premier Health Center, P.C. ("Premier"), Judson G. Sprandel, II, D.C., Brian S. Hicks, D.C., Tri3 Enterprises, LLC ("Tri3"), Beverly Hills Surgical Center ("BHSC"), and Jeremy Rogers, D.C.[1] filed a Complaint against United and several of its subsidiaries, including United HealthCare Services, Inc. ("United Healthcare"), OptumHealth Solutions, Inc. ("Optum"), Health Net of the Northeast, Inc. ("HNNE"), and Health Net of New York, Inc. ("HNNY"), asserting claims for benefits, failure to provide a full and fair review, and equitable relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq.

On April 22, 2011, Plaintiffs filed an Amended Complaint with additional factual allegations in support of their claims. The Amended Complaint sets forth two proposed classes: the ERISA Recoupment Class and the ERISA Chiropractor Class. The ERISA Recoupment Class, whose named Plaintiffs are Tri3, BHSC, and Dr. Sprandel, is defined as:

---

[1] Joining in the Complaint on behalf of their members are the Congress of Chiropractic State Associations, the American Chiropractic Association, the Ohio State Chiropractic Association, and the Missouri State Chiropractic Association.

> All healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the filing date of this action to its final termination ("ERISA Class Period"), provided healthcare services to patients insured under healthcare plans governed by ERISA and insured or administered by Defendants, and who, after having received payments from Defendants, were subjected to retroactive requests for repayment of all or a portion of such payments and/or to recoupments or coerced repayments of prior benefits.

(Amend. Compl. ¶ 135.) The ERISA Recoupment Class asks the Court "(1) to enjoin Defendants from continuing to compel return of prior payments of plan benefits; (2) to order Defendants to return to all Class members all funds, plus interest, that Defendants have withheld to offset the amounts demanded or that have been paid by Class members to Defendants in response to such demands; and (3) to declare that any future efforts to recoup payments for errors or mistakes in prior payments must comply with the specific requirements under ERISA for adverse benefit determinations." (Id. ¶ 137.)

The ERISA Chiropractor Class, whose named Plaintiffs are Dr. Rodgers and Dr. O'Donnell, is defined as:

> All chiropractic physicians who, from six years prior to the filing date of this action to its final termination ("ERISA Class Period"), provided healthcare services to patients insured under healthcare plans governed by ERISA and insured or administered by Defendants, and whose claims were subjected to utilization review requirements imposed by United and/or Optum.

(Amend. Compl. ¶ 136.) The ERISA Chiropractor Class seeks "to enjoin Defendants from (1) tiering providers based on statistical parameters, (2) denying treatment plans without regard to patients' medical needs, (3) imposing pre-certification requirements on patient care without regard to the terms of the ERISA health care plans, and (4) threatening providers with being placed on a lower tier or potential loss of network participation if they do not defer to Optum's demands by limiting care to patients, and to compel United and Optum to replace them with policies and procedures which comply with ERISA." (Id. ¶ 137.)

On June 21, 2011, Defendants moved to dismiss the Amended Complaint. On March 30, 2012, the Court issued an Opinion and Order denying the motion with respect to Plaintiffs' claims against United, UnitedHealthcare, and Optum, but granting the motion with respect to all of Plaintiffs' claims against HNNE and Plaintiffs' claim against HNNY for failure to provide a full and fair review under ERISA. The Court dismissed all of Plaintiffs' claims against HNNE, and their claim against HNNY for failure to provide a full and fair review, without prejudice.

On June 9, 2012, Plaintiffs moved to certify both the ERISA Chiropractor Class and the ERISA Recoupment Class. Defendants opposed the motion. In addition, on October 12, 2012, Defendants moved for summary judgment against the named Plaintiffs of the ERISA Chiropractor Class. On August 1, 2013, the Court issued an Opinion and Order (1) granting Defendants' Motion for Summary Judgment against the ERISA Chiropractor Class; and (2) denying Plaintiffs' Motion to Certify the ERISA Recoupment Class.[2]

On April 15, 2013, Plaintiffs filed a Second Amended Complaint ("SAC"), which set forth additional allegations in support of their claims. The SAC proposed the same classes as those set forth in the Amended Complaint.

On August 16, 2013, Plaintiffs filed a renewed Motion for Class Certification, which set forth two new proposed classes: the ONET Repayment Demand Class and the ONET Offset Class. In response, Defendants moved to strike Plaintiffs' renewed Motion for Class Certification.[3] On November 20, 2013, the Court issued an Opinion and Order granting Defendants' Motion to Strike with respect to the ONET Offset Class and denying it with respect to the ONET Repayment Demand Class.

---

[2] The Court denied Plaintiffs' Motion to Certify the ERISA Chiropractor Class as moot.

[3] Defendants will also oppose Plaintiffs' renewed motion for class certification in substance, pending outstanding discovery.

Defendants now move for summary judgment against Dr. Sprandel, as a named Plaintiff of the ONET Repayment Demand Class in Plaintiffs' most recent Motion for Class Certification. For the reasons set forth below, Defendants' motion is DENIED.

## I. BACKGROUND

The facts of this case are fully set forth in Premier Health Ctr. v. UnitedHealth Grp., Civ. No. 11-425, 2013 WL 3943516 (D.N.J. Aug. 1, 2013). Thus, for the sake of brevity, the Court will set forth only those facts that are necessary to the disposition of Defendants' Motion for Summary Judgment.

United engages in a multistep process to recover benefit overpayments. First, United sends a letter to the provider identifying (1) the specific claim that was overpaid; (2) the amount that United overpaid on that claim; and (3) the reason for overpayment. These letters further (1) request a check from the provider for the amount overpaid; (2) note that the provider may appeal United's assessment; and (3) state that if the provider does not remit the overpaid amount, United may deduct that amount from future claims submitted by that provider.

Dr. Sprandel, a licensed Doctor of Chiropractic, provides chiropractic services to United subscribers on an out of network basis. He is contesting overpayment determinations for services provided to three patients. However, none of these patients is currently a member of an ERISA plan that is insured or administered by United. In August 2009, United submitted initial repayment demand letters stating (1) the specific claims that United deemed overpaid; (2) that those claims were not payable under the relevant reimbursement policy because the codes used by Dr. Sprandel did not correspond with the services performed in the patients' medical records; and (3) that Dr. Sprandel could appeal United's determination within thirty days. On September 30, 2009, United sent follow up letters to Dr. Sprandel stating the same.

On November 4, 2009, Dr. Sprandel submitted a formal appeal of United's determinations. United subsequently issued letters denying the appeal and finding the initial overpayment determinations to be valid. Dr. Sprandel submitted a second appeal, and United issued a letter denying it. Dr. Sprandel did, however, prevail on one appeal. To this day, United has not offset or otherwise recouped the amounts that it determined were overpaid to Dr. Sprandel.

In their renewed Motion for Class Certification, Plaintiffs define the ONET Repayment Demand Class as:

> All ONET [out of network] healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the original filing date of this action to its final termination ("Class Period"): (1) provided healthcare services or supplies to patients insured under healthcare plans governed by ERISA and insured or administered by United, and (2) after having received benefit payments from United, were subjected to retroactive repayment demands for all or a portion of such payments. Excluded from this class are all providers who voluntarily paid United in response to United's repayment demand or affirmatively authorized subsequent recoupments or offsets as a means to repay the alleged overpayments.

(Pl.'s Br. Class Cert. [ECF No. 225-1], 3.) The named Plaintiffs of the ONET Repayment Demand Class are Dr. Sprandel, Tri3, and BHSC. In their renewed Motion for Class Certification, Plaintiffs make clear that they "do not seek certification of [the ONET Repayment Demand Class] . . . in order to obtain a court order requiring United to refund any money previously recouped or offset. Instead, Plaintiffs "seek only declaratory and injunctive relief on behalf of the ONET Repayment Demand Class requiring United to comply with ERISA's procedural requirements in connection with alleged overpayment determinations." (Pl.'s Br. Class Cert. [ECF No. 225-1], 6.) Specifically, Plaintiffs seek "to require that, for all pending or future repayment demands (i.e.

repayment demands that have not yet been repaid by the provider or recouped through offsets), United must alter its policies to ensure ERISA compliance." (Pl.'s Sur-Rep. Br. 1.)

## II. DISCUSSION

Defendants now move for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), against Dr. Sprandel as a named Plaintiff of the ONET Repayment Demand Class. In doing so, Defendants argue that Dr. Sprandel lacks standing to pursue declaratory and injunctive relief under ERISA because none of the patients on behalf of whom he is asserting ERISA claims is currently a member of a United insured or administered ERISA plan. Plaintiffs counter that (1) Defendants concede, for purposes of this motion, that they violated Dr. Sprandel's ERISA rights; and (2) the current status of Dr. Sprandel's patients as United insureds is irrelevant.

### A. Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude granting summary judgment.

The party moving for summary judgment has the burden of showing that no genuine dispute of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, it may discharge its burden under the summary judgment standard by showing that there is an absence of evidence to support the non-

moving party's case. Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine factual dispute exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In deciding whether a dispute of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. Id. at 251-52.

**B.      Defendants' Motion**

Defendants argue that because Dr. Sprandel's three purported patient-assignors are no longer enrolled in United-serviced ERISA plans, Dr. Sprandel cannot now use their patient assignments to gain standing to seek prospective relief on behalf of the ONET Repayment Demand Class. Plaintiffs counter that whether Dr. Sprandel's patient-assignors are currently enrolled in a United plan is irrelevant because Dr. Sprandel has standing, as a matter of law, to pursue ERISA claims against United's overpayment recovery procedures for claims previously submitted on behalf of those three patients. Furthermore, according to Plaintiffs, Dr. Sprandel's three patient-assignors have a current and continuing interest in this litigation because, to the extent United successfully recoups the overpaid amounts on their claims in the future, they would become liable to Dr. Sprandel for those amounts.

8

As the Court previously found, healthcare providers may obtain derivative standing to assert ERISA claims on behalf of their patients by virtue of an assignment. See Premier Health Ctr., 2013 WL 3943516, at *8. Thus, through a patient assignment, a healthcare provider has standing to assert only those claims that its patient-assignor has standing to assert. Additionally, for a healthcare provider to maintain derivative standing to assert ERISA claims on behalf of a patient, the patient-assignor must have standing at all stages of litigation to assert those claims. See Sullivan v. DB Investments, 667 F.3d 273, 350 (3d Cir. 2011) (standing "must exist at all stages of the proceeding, and not merely when the action is initiated or during an initial appeal." (quotation omitted)). Therefore, for Dr. Sprandel to have standing to challenge United's overpayment recoupment procedures on behalf a patient-assignor, that patient must have "a personal stake in the outcome of the controversy." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

Although Dr. Sprandel's three patient-assignors are no longer enrolled in United healthcare plans, they still have a personal stake in Dr. Sprandel's challenge to United's procedures to recoup overpayments on their benefit claims. Indeed, United has not rescinded its overpayment demands with respect to their claims. Therefore, United may continue to seek the overpaid amounts on those patients' claims from Dr. Sprandel, either through voluntary repayment or offsets, and those patients will then become liable to Dr. Sprandel for the amounts recouped by United.

In their reply brief, Defendants maintain that Dr. Sprandel's claim against United's overpayment demand procedures, on behalf of his three patient-assignors, is purely one for retrospective relief. According to Defendants, because those patients are no longer insured under a United-serviced ERISA plan, they would not be subject to United's overpayment recoupment

9

procedures in the future. Therefore, Defendants contend, Dr. Sprandel's patient-assignors may only seek retrospective relief regarding United's pending overpayment demands regarding their past claims for benefits.

This contention is unpersuasive. While those patients may not submit future benefit claims to United, they may nonetheless be subject to United's overpayment recoupment procedures in the future, either in the form of further repayment demands for outstanding overpaid amounts, or through offsets. Moreover, as the Court previously found, the relief for a plan administrator's failure to comply with ERISA in denying benefits "is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." Premier Health Ctr., 2013 WL 3943516, at *21 (quoting Syed v. Hercules Inc., 214 F.3d 155, 162 (3d Cir. 2000)). Such relief would undoubtedly subject Dr. Sprandel's patient-assignor's to United's overpayment recoupment procedures at a future time.

Defendants further contend that this Court's previous finding that the named plaintiffs of the ERISA Chiropractor Class, Dr. Rodgers and Dr. O'Donnell, lacked standing to seek prospective relief under ERISA on behalf of patients who were no longer insured by United should apply with equal force to Dr. Sprandel as a named plaintiff of the ONET Repayment Demand Class. This contention is also unpersuasive. The Court's previous finding arose in the context of a challenge to United's Utilization Review procedures, to which Dr. Rodgers's and Dr. O'Donnell's patient-assignors had never been subject in the past, and to which they would only be subject in the future when seeking care from other providers. See Premier Health Ctr., 2013 WL 3943516, at *11. In contrast, Dr. Sprandel's patient-assignors were subject to United's overpayment recoupment procedures and, as previously discussed, may be subject to those procedures in the future.

Finally, Defendants argue that Dr. Sprandel lacks standing to challenge United's overpayment recoupment procedures on behalf of his three patient-assignors because Ohio state law does not permit United to recoup, at this time, the outstanding overpayments made on their claims. Defendants point to provisions of Ohio state law that permit an insurer to initiate overpayment recoupment efforts no later than two years (or, in the case of fraud, four years) from the date of a given overpayment. Defendants maintain that, because United sent its initial overpayment demand letters regarding Dr. Sprandel's patient-assignors' claims more than four years ago, it cannot now recoup those overpayments. Therefore, according to Defendants, Dr. Sprandel's patient-assignors cannot be subject to any further overpayment recoupment procedures.

This argument is unavailing for a number of reasons. However, the Court need only list two. First, that a party might have a legal defense or cause of action against certain activities under state law does not somehow deprive that party from challenging those same activities under federal law. Moreover, and secondly, the applicable federal law in this case may very well preempt the state law. As Plaintiffs point out, the Ohio state law provisions noted by Defendants would likely be preempted by ERISA. Indeed, several courts have found that ERISA preempts similar prompt pay state statutes. See, e.g., Am.'s Health Ins. Plans v. Hudgens, 915 F. Supp. 2d 1340, 1359-60 (N.D. Ga. 2012); Am. Surgical Assistants, Inc. v. United Healthcare of Texas, Inc., 2010 WL 1340557, at *2 (S.D. Tex. Mar. 30, 2010); Torrent & Ramos, M.D., P.A. v. Neighborhood Health P'ship, Inc., 2005 WL 6358852, at *5 (S.D. Fla. Sept. 27, 2005). Consequently, Defendants' Motion for Summary Judgment against Dr. Sprandel, as a named Plaintiff of the ONET Repayment Demand Class, is denied.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment against Dr. Sprandel, as a named Plaintiff of the ONET Repayment Demand Class, is DENIED.

The Court will enter an order implementing this opinion.

                                       **/s/ Dickinson R. Debevoise**
                                       DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: December 2, 2013