**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PREMIER HEALTH CENTER, P.C., et al.,

                    Plaintiffs,

v.

UNITEDHEALTH GROUP, et al.,

                    Defendants.

Civ. No. 11-425 (ES)

**O P I N I O N**

*Appearances by:*

ZUCKERMAN SPAEDER LLP
By:    D. Brian Hufford, Esq.
        Jason S. Cowart, Esq.
1185 Avenue of the Americas, Fl. 31
New York, New York 10036

BUTTACI & LEARDI, LLC
By:    Vincent N. Buttaci, Esq.
        John W. Leardi, Esq.
        Paul D. Werner, Esq.
103 Carnegie Center, Suite 101
Princeton, New Jersey 08540

        *Attorneys for Plaintiffs*

GRAHAM CURTIN, P.A.
By:    Thomas R. Curtin, Esq.
        George C. Jones, Esq.
        Kathleen N. Fennelly, Esq.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962

O'MELVENEY & MYERS LLP
By:     Brian D. Boyle, Esq.
        Gregory F. Jacob, Esq.
        William T. Buffaloe, Esq.
1625 Eye Street, N.W.
Washington, DC 20006

   *Attorneys for Defendants UnitedHealth Group, UnitedHealthCare Services, Inc., and*
   *OptumHealth Care Solutions, Inc.*

**DEBEVOISE, Senior District Judge**

        This matter arises out of the methods by which Defendant UnitedHealth Group

("United") recoups benefit overpayments from healthcare providers.  On January 24, 2011,

Plaintiffs Premier Health Center, P.C. ("Premier"), Judson G. Sprandel, II, D.C., Brian S. Hicks,

D.C., Tri3 Enterprises, LLC ("Tri3"), Beverly Hills Surgical Center ("BHSC"), and Jeremy

Rogers, D.C.[1] filed a Complaint against United and several of its subsidiaries, including

Defendants United HealthCare Services, Inc. ("United Healthcare"), OptumHealth Solutions,

Inc. ("Optum"), Health Net of the Northeast, Inc. ("HNNE"), and Health Net of New York, Inc.

("HNNY"), asserting claims for benefits, failure to provide a full and fair review, and equitable

relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq.

        On April 22, 2011, Plaintiffs filed an Amended Complaint with additional factual

allegations in support of their claims.  The Amended Complaint sets forth two proposed classes:

the ERISA Recoupment Class and the ERISA Chiropractor Class.

        On June 21, 2011, Defendants moved to dismiss the Amended Complaint.  On March 30,

2012, the Court issued an Opinion and Order denying the motion with respect to Plaintiffs'

---

[1] Joining in the Complaint on behalf of their members are the Congress of Chiropractic
State Associations, the American Chiropractic Association, the Ohio State Chiropractic
Association, and the Missouri State Chiropractic Association.

claims against United, UnitedHealthcare, and Optum, but granting the motion with respect to all of Plaintiffs' claims against HNNE and Plaintiffs' claim against HNNY for failure to provide a full and fair review under ERISA.  The Court dismissed all of Plaintiffs' claims against HNNE, and their claim against HNNY for failure to provide a full and fair review, without prejudice.

On June 9, 2012, Plaintiffs moved to certify both the ERISA Chiropractor Class and the ERISA Recoupment Class.  Defendants opposed the motion.  In addition, on October 12, 2012, Defendants moved for summary judgment against the named Plaintiffs of the ERISA Chiropractor Class.  On April 15, 2013, Plaintiffs filed a Second Amended Complaint ("SAC"), which set forth additional allegations in support of their claims.  The SAC proposed the same classes as those set forth in the Amended Complaint.  On August 1, 2013, the Court issued an Opinion and Order (1) granting Defendants' Motion for Summary Judgment against the ERISA Chiropractor Class; and (2) denying Plaintiffs' Motion to Certify the ERISA Recoupment Class.[2]

On August 16, 2013, Plaintiffs filed a renewed Motion for Class Certification, which set forth two new proposed classes: the ONET Repayment Demand Class and the ONET Offset Class.  In response, Defendants moved to strike Plaintiffs' renewed Motion for Class Certification.  In addition, on September 27, 2013, Defendants filed a Motion for Summary Judgment against Dr. Sprandel as a named Plaintiff of the ONET Repayment Demand Class.

On November 20, 2013, the Court issued an Opinion and Order granting Defendants' Motion to Strike with respect to the ONET Offset Class and denying it with respect to the ONET Repayment Demand Class.  On December 2, 2013, the Court issued an Opinion and Order denying Defendants' Motion for Summary Judgment against Dr. Sprandel.

---

[2] The Court denied Plaintiffs' Motion to Certify the ERISA Chiropractor Class as moot.

On December, 16, 2013, Defendants moved for reconsideration of the Court's ruling denying summary judgment against Dr. Sprandel as a named plaintiff of the ONET Repayment Demand Class.  Thereafter, the parties completed briefing on Plaintiffs' Motion to Certify the ONET Repayment Demand Class.

On August 28, 2014, the Court issued an Opinion and Order granting Defendants' Motion for Reconsideration, thereby granting summary judgment against Dr. Sprandel as a named plaintiff of the ONET Repayment Demand Class.  The Court also granted Plaintiffs' Motion to Certify the ONET Repayment Demand Class on a conditional basis.

On November 19, 2014, Plaintiffs filed a Motion to Substitute Integrated Orthopedics, Inc. in place of Tri3, as a named plaintiff of the ONET Repayment Demand Class, pursuant to Federal Rule of Civil Procedure 25(c).[3]  On December 2, 2014, the Court granted the motion, which was unopposed.

Defendants now move for reconsideration of the Court's certification of the ONET Repayment Demand Class on a conditional basis.  For the reasons set forth below, Defendants' motion is DENIED as moot.

## I.  BACKGROUND

The facts of this case are fully set forth in Premier Health Ctr. v. UnitedHealth Grp., 292 F.R.D. 204 (D.N.J. 2013) and Premier Health Ctr. v. UnitedHealth Grp., Civ. No. 11-425, 2014 WL 4271970 (D.N.J. Aug. 28, 2014).  Thus, for the sake of brevity, the Court will set forth only those facts that are necessary to the disposition of Defendants' Motion for Reconsideration.

---

[3] On January 1, 2013, Tri3 merged with Integrated Orthopedics, with Integrated Orthopedics as the surviving party.  As a result, the interests of Tri3 have been transferred to Integrated Orthopedics.

In its renewed motion for class certification, Plaintiffs defined the ONET Repayment

Demand Class as:

> All ONET healthcare providers (such as individual practitioners, durable medical equipment providers or facilities) who, from six years prior to the original filing date of this action to its final termination ("Class Period"): (1) provided healthcare services or supplies to patients insured under healthcare plans governed by ERISA and insured or administered by United, and (2) after having received benefit payments from United, were subjected to retroactive repayment demands for all or a portion of such payments. Excluded from this class are all providers who voluntarily paid United in response to United's repayment demand or affirmatively authorized subsequent recoupments or offsets as a means to repay the alleged overpayments.

Plaintiffs proposed Dr. Sprandel, BHSC, and Tri3 as named plaintiffs of the class.

During the course of briefing, Plaintiffs clarified that the ONET Repayment Demand Class

excluded repayment demands that were "resolved by payment, offset, or otherwise." (Pl.'s

Rep. Br. Cert. 5.)

In its August 28, 2014, Opinion and Order, the Court found that the ONET Repayment

Demand Class satisfied the numerosity and commonality requirements of Rule 23(a), but not the

typicality and adequacy requirements because none of the named Plaintiffs fell within the scope

of the class definition. See Premier Health Ctr., 2014 WL 4271970, at *10-*22.  In doing so, the

Court noted that (1) "the single repayment demand noted in the SAC against which BHSC seeks

to assert an ERISA claim in this case was resolved through an involuntary offset;" (2) "the

repayment demands against Tri3 specified in the SAC resulted either in involuntary offsets,

which fall outside the class definition, or in United unilaterally terminating the repayment

demand due to the passage of time, in accordance with state law and its internal policies; and (3)

Defendants were entitled to summary judgment against Dr. Sprandel as a named Plaintiff of the

ONET Repayment Demand class.  See id. at *9-*10, *20-*22 (internal citations omitted).

The Court explained that, "[i]n general, this defect would result in an outright denial of Plaintiffs' Motion for Class Certification." Id. at *22.  However, because (1) "the SAC makes clear that both BHSC and Tri3 received other repayment demands from United against which they seek to assert ERISA claims," one or more of which "may very well be . . . active and unresolved;" and (2) "the ONET Repayment Demand Class otherwise satisfies the requirements of class certification," id., the Court certified the ONET Repayment Demand Class on the condition that Plaintiffs "present evidence that BHSC and/or Tri3 seeks an ERISA claim against one or more active, unresolved repayment demands that fit within the definition of the ONET Repayment Demand Class." Id.  The Court further held that "[i]f Plaintiffs fail do so, they will not satisfy Rule 23(a)'s . . . requirement[s] and certification will be denied." Id.

On November 19, 2014, Plaintiffs filed a Notice of Compliance with the Court's August 28, 2014 Order granting class certification on a conditional basis.  In doing so, they set forth evidence of an outstanding repayment demand issued to Integrated Orthopedics, Tri3's successor in interest.  Specifically, on December 31, 2013, United sent a repayment demand to Integrated Orthopedics in the amount of $849.16 regarding a claim submitted on behalf of a United-insured patient.  See (Wilford Decl., Ex. B.)  On October 31, 2014, United sent a follow up repayment demand to Integrated Orthopedics on that same claim.  To this date, this repayment demand is active and unresolved.[4]

## II.    DISCUSSION

---

[4] The parties entered into a stipulation, dated November 19, 2014, stating that (1) the repayment demand set forth by Integrated Orthopedics is outstanding and unresolved; (2) United will refrain from resolving the repayment demand, via offset or otherwise, for the duration of this litigation; (3) in the event offset is effected, United will not assert that fact as a basis for attacking Integrated Orthopedics's standing in this action; and (4) any limitation on the period during which the repayment demand may be recovered by United is tolled for the duration of this litigation.  See (Pl.'s Br., Ex. 2.)

Defendants now move for reconsideration of the Court's August 28, 2014 ruling granting Plaintiffs' Motion to Certify the ONET Repayment Demand Class on a conditional basis.  In doing so, they argue that such a ruling stands in direct contravention of Third Circuit precedent holding that conditional class certification is impermissible.  Therefore, according to Defendants, that ruling is legally erroneous and must be reconsidered.[5]

Plaintiffs, on the other hand, argue that the Court should deny Defendants' Motion for Reconsideration because it is rendered moot by Plaintiffs' recent compliance with the Court's August 28, 2014 class certification order.  Plaintiffs also ask the Court to enter a new order certifying the ONET Repayment Class, without condition, in light of their recent compliance with the previous class certification order.

**A.    Effect of Substitution of Named Plaintiff of the ONET Repayment Demand Class**

Before addressing Defendants' Motion for Reconsideration, it is critical to first address the significance of the Court's recent Order substituting Integrated Orthopedics for Tri3, as a named Plaintiff of the ONET Repayment Demand Class.  Arising out of this substitution is a repayment demand that the Court had not previously considered regarding a benefits claim submitted by Integrated Orthopedics.  The parties have stipulated that the repayment demand is outstanding and unresolved.

According to Plaintiffs, this repayment demand renders Integrated Orthopedics a proper named plaintiff of the ONET Repayment Demand Class.  Defendants disagree.  In doing so, Defendants contend that Integrated Orthopedics lacks a valid assignment that would provide

---

[5] Defendants also argue that conditional class certification undermines a party's right to interlocutory appeal under Rule 23(f), in an apparent attempt to satisfy the standard for reconsideration through a showing of manifest injustice.  The Court need not address this argument, however, because it is rendered moot, as discussed below, in light of the Court having vacated the conditional order and entering a new class certification order, without condition.

standing to challenge the repayment demand and assert the ERISA claims set forth by the ONET Repayment Demand Class. Defendants note that (1) the assignment of benefits form, upon which Integrated Orthopedics asserts standing to pursue the ERISA claims set forth by the ONET Repayment Demand Class, contains language recognizing the possibility of an anti-assignment provision in the patient-insured's United plan that would invalidate the assignment; and (2) United notified Integrated Orthopedics that the patient-insured's plan contains an anti-assignment provision that invalidates the assignment, and that United was not waiving the anti-assignment provision.

The Court has rejected the notion that anti-assignment provisions are an impediment to establishing standing in this case on three separate occasions, and it will do so again here. At the pleading stage, the Court held that anti-assignment provisions were not an impediment to provider standing because "the Amended Complaint alleges a course of conduct beyond direct reimbursement for medical services," including overpayment notifications and one or more repayment demands. Premier Health Ctr., P.C. v. UnitedHealth Grp., Civ. No. 11-425, 2012 WL 1135608, at *9 (D.N.J. Apr. 4, 2012). The Court reaffirmed this holding in addressing certification of the ERISA Recoupment Class. See Premier Health Ctr., P.C. v. UnitedHealth Grp., 292 F.R.D. 204, 221 (D.N.J. 2013).

The Court articulated this holding for a third time in ruling on Plaintiffs' Motion to Certify the ONET Repayment Demand Class. See Premier Health Ctr., P.C. v. UnitedHealth Grp., Civ. No. 11-425, 2014 WL 4271970, at *15 (D.N.J. Aug. 28, 2014). The Court also rejected Defendants' contention that one must individually scrutinize the language of the anti-assignment provisions in this case because United's direct payment to a provider and subsequent repayment demand may at times be consistent with the language of an anti-assignment provision.

The Court noted that an anti-assignment provision that allows United to pay a non-network provider directly for services rendered "merely makes clear that United may, in its discretion, unilaterally waive the anti-assignment provision and pay benefits directly to the provider."  Id.  "Thus, whether United, in accordance with, or in spite of, an anti-assignment provision, (1) issued a direct payment to a provider in response to a claim for benefits; and (2) issued one or more subsequent repayment demands directly to the provider regarding that claim for benefits, the contention that United waived its right to assert an anti-assignment provision is subject to common proof."  Id.

Defendants' argument here is no different.  Indeed, the anti-assignment provision in the subject patient-insured's United plan is identical to the provisions that the Court previously found to simply allow United to unilaterally waive its own anti-assignment provision.[6] Defendants point to specific language in the assignment of benefits form presented by Integrated Orthopedics, stating: "Should this assignment be prohibited in part or in whole under any anti-assignment provision in my policy/plan, please advise and disclose to my provider in writing such anti-assignment provision within 30 days upon receipt of my assignment, otherwise this assignment should be reasonably expected to be effective and such anti-assignment is waived." (ECF No. 315.)  This language does nothing to defeat an assignment to Integrated Orthopedics because United previously issued directly to Integrated Orthopedics (1) payment of benefits on

---

[6] The provision reads: "You may not assign your Benefits under the Policy to a non-Network provider without our consent.  When an assignment is not obtained, we will send the reimbursement directly to you (the Subscriber) for you to reimburse them upon receipt of their bill.  We may, however, in our discretion, pay a non-Network provider directly for services rendered to you.  In the case of any such assignment of Benefits or payment to a non-Network provider, we reserve the right to offset Benefits to be paid to the provider by any amounts that the provider owes us."  (ECF No. 315, Ex. A.)

the corresponding claim; and (2) repayment demand letters on two occasions.[7]  Thus, United

waived its right to enforce the anti-assignment provision, either through the patient-insured's

plan, or in accordance with the assignment form submitted by Integrated Orthopedics.[8]

Defendants also argue that the Court cannot at this time find Integrated Orthopedics to

have standing as a named Plaintiff of the ONET Repayment Demand Class because the patient

assignment form submitted by Integrated Orthopedics provides for revocation at any time by the

patient-insured.  Therefore, according to Defendants, "[a]dditional discovery would be necessary

to establish that this assignment has not been revoked under that provision."  (ECF No. 315.)  As

Plaintiffs point out, however, the possibility that the patient-insured revoked his or her

assignment to Integrated Orthopedics is wholly speculative.  Indeed, United points to no

evidence whatsoever of revocation.  Standing, or, for that matter, class certification, cannot be

defeated on the basis of speculation.

Finally, Defendants argue that the patient-insured does not currently have standing to

pursue the ERISA claims set forth by the ONET Repayment Demand Class because the patient-

insured is no longer a subscriber to a United healthcare plan.  "The patient thus has no stake in

the forward-looking injunctive relief that is sought by [Integrated Orthopedics], and has no

Article III standing to raise these claims."  (ECF No. 315.)  Integrated Orthopedics "cannot

---

[7] Moreover, Plaintiffs present evidence that that United had notice of the subject patient
assignment in December 2013, but did not object to it until November 19, 2014, after having
issued direct payment and two subsequent repayment demands to Integrated Orthopedics.  Thus,
United also waived its right to enforce the anti-assignment provision in the patient-insured's plan
under the clear terms of the patient assignment form.

[8] As a general matter, the Court fails to see how an insurer who makes a direct payment
of benefits to a provider, and subsequently seeks repayment from that provider, can later turn
around and logically contend that the provider has no valid assignment of benefits.  Such a
contention would mean that the insurer should have been dealing directly with the patient-
insured all along.

derivatively acquire standing to raise ERISA claims through an assignment executed by a patient who does not himself have standing[.]"  (Id.)

> The Court addressed and rejected this precise argument in its August 28, 2014 ruling:
>
> Defendants argue that the subscriber status of the ONET Repayment Demand Class members' patient-assignors creates individual standing issues because the class seeks declaratory and injunctive relief regarding future repayment demands on benefit claims that have yet to be submitted on behalf of other United-insureds in the future.  Therefore, according to Defendants, the Court would have to examine the subscriber status of the class members' patient-assignors because "[p]atients who are not currently members of plans insured or administered by United . . . do not have statutory or constitutional standing to bring claims against United seeking forward-looking relief." (Def.'s Br. Opp. Cert. 25.)
>
> This argument is a red herring.  While the patient-assignors who are no longer United insureds may not submit future benefit claims to United that would be subject to future repayment demands, the fact remains that there are pending repayment demands regarding claims while they were United-insureds.  Thus, in challenging United's overpayment recoupment procedures, those patient-assignors would necessarily seek prospective relief because the repayment demands on their claims have yet to be resolved.  That such relief may also apply to benefit claims of other United-insureds is of no moment, as it would not in any way restrict those individuals' rights or ability to sue under ERISA

 Premier Health Ctr., 2014 WL 4271970, at *15-*16 (footnote omitted).  The Court sees no reason to alter its ruling here.

Because the substitution of Integrated Orthopedics for Tri3 has now yielded a named plaintiff that fits within the definition of the ONET Repayment Demand Class, the Court will revisit its prior ruling certifying the ONET Repayment Demand Class on the condition that Plaintiffs provide evidence that one or more named Plaintiff fits within in the class definition. Under Federal Rule of Civil Procedure 23(c)(1)(C), a class certification order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); see also McNamara v. Felderhof, 410 F.3d 277, 280–81 (5th Cir. 2005) ("[A] district court is free to reconsider its class certification ruling as often as necessary before judgment."); Barnes v. American Tobacco Co.,

161 F.3d 127, 140 (3d Cir. 1998) ("Under Rule 23(c)(1), District Courts are required to reassess their class rulings as the case develops.").

In its prior ruling, the Court found that the ONET Repayment Demand Class satisfied the requirements of Rule 23(a)(1) (numerosity) and (a)(2) (commonality), and 23(b)(1) and (b)(2), but not Rule 23(a)(3) (typicality) or (a)(4) (adequacy), because none of the named Plaintiffs fit within the class definition.  Now that the class has a named plaintiff that fits within the definition of the ONET Repayment Demand Class, however, the Court finds that the class satisfies all of the requirements for class certification.  Consequently, the Court's August 28, 2014 Order certifying the ONET Repayment Demand Class on a conditional basis is VACATED, and the Court will enter a new Order certifying the ONET Repayment Demand Class, without condition.

## B.   Defendants' Motion for Reconsideration

### i.   Standard of Review

"[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle."  Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992).  As such, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Since the evidence relied upon in seeking reconsideration must be "newly discovered," a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling.  See id. Local Civil Rule 7.1(i), which governs such motions, provides that they shall be confined to

"matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has 'overlooked.'" The word "overlooked" is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." Resorts Int'l, 830 F. Supp. at 831; see also Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

A decision suffers from "clear error" only if the record cannot support the findings that led to that ruling. United States v. Grape, 549 F.3d 591, 603-04 (3d Cir. 2008) (citations omitted). Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed. See Grape, 549 F.3d at 603-04; N. River Ins., 52 F.3d 1218. Mere "disagreement with the Court's decision" will not suffice. P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001).

### ii. Reconsideration

Defendants argue that the Court's August 28, 2014 ruling granting certification to the ONET Repayment Demand Class, on the condition that Plaintiffs submit evidence that one or more of the named plaintiffs fit within the class definition, amounts to a clear error of law that merits reconsideration because conditional class certifications are forbidden in the Third Circuit. Defendants are correct.

The Court of Appeals has held that "[a] trial court must make a definitive determination that the requirements of Rule 23 have been met before certifying a class." Hohider v. United

Parcel Service, Inc., 574 F.3d 169, 202 (3d Cir. 2009) (quotation omitted).  In doing so, the

Court noted that "the 2003 amendments to Rule 23 eliminated the language that had appeared

in Rule 23(c)(1) providing that a class certification may be conditional[.]"  Id. (quotation

omitted).  "While courts retain discretion under Rule 23(c)(1)(C) to alter[ ] or amend [ ] before

final judgment an order granting or denying class certification . . . courts should not grant

certification except after searching inquiry, and . . . should not rely on later developments to

determine whether certification is appropriate."  Id. (quotations omitted).

    The Court's August 28, 2014 ruling certifying the ONET Repayment Demand Class,

under Rule 23, subject to Plaintiffs' providing evidence that one of the named plaintiffs falls

within the class definition, indeed contravenes the Court of Appeals' ruling in Hohider, because

it relies on later developments to determine whether certification is appropriate.  However, the

error has been rendered moot because the Court previously revisited that ruling in light of

Plaintiffs' substitution of Integrated Orthopedics in place of Tri3, as a named Plaintiff of the

ONET Repayment Class, and ruled that the class will be certified without condition.  See Jersey

Cent. Power and Light Co. v. New Jersey, 772 F.2d 35, 39 (3d Cir. 1985) (citation omitted)

("[T]he central question of all mootness problems is whether changes in circumstances that

prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.").

Consequently, Defendants' Motion for Reconsideration is DENIED.

### III. CONCLUSION

    For the foregoing reasons, the Court's August 28, 2014 Order certifying the ONET

Repayment Demand Class on a conditional basis is hereby VACATED.  A new Order will be

entered certifying the ONET Repayment Demand Class, without condition.  Plaintiffs' Motion

for Reconsideration is DENIED as moot.

The Court will enter an order implementing this opinion.


  **/s/ Dickinson R. Debevoise**          
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: December 15, 2014