# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., *on behalf of itself and a certified class of others similarly situated*, | Civil Action No. 11-425 (ES)(JAD) |
| Plaintiff, | |
| v. | |
| UNITEDHEALTH GROUP, *et al.*, | |
| Defendants. | Motion Date: September 8, 2020 |

## DECLARATION OF ANDREW N. GOLDFARB
## IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR
## <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEEMNT</u>

I, Andrew N. Goldfarb, submit this unsworn declaration under penalty of perjury:

1.     I am an attorney with the law firm of Zuckerman Spaeder LLP and counsel for Plaintiff in this action. I submit this Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

2.     This declaration is based on personal knowledge and my review of the record in the case.

3.     A Repayment Request[1] issued by United to a provider identifies the date of the alleged overpayment, requests a refund, and threatens to recover the alleged overpayment through an involuntary offset of a future payment if the provider does not send United the requested amount by a certain date.

4.     Evidence adduced by Plaintiff showed that, as of 2015, United was annually sending approximately 1.6 million Repayment Requests; and, in 2011, United collected more than $180 million in resulting involuntary offsets, including about $31 million against out-of-network providers. (ECF 349 at 31; ECF 308 at 9.)

5.     Extensive discovery was taken by both sides, during both class certification and merits phases of this action. Collectively, during the case the parties produced over 11,600 documents consisting of approximately 162,000 pages, and the parties took 27 separate depositions.

6.     On September 13, 2016, the parties held a day-long, face-to-face mediation session with Judge Brown at JAMS's offices in New York City. That productive mediation resulted in an agreement in principle. The parties then negotiated the terms of a settlement agreement and drafted the agreement and related documents. The fully-executed Settlement Agreement and all exhibits thereto are attached as Exhibit A to this declaration.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the memorandum in support of Plaintiff's motion.

7.     The parties agreed to use the one-year lookback period for purposes of identifying recent Claim Redeterminations because United has represented that it is the period of time when (a) in part due to United's policy of adhering to state law time limits on its ability to recoup overpayments, Class Members are at the greatest risk of having the alleged overpayment recovered by United, via offset, collection, or otherwise; and (b) United has the maximum ability to provide the specified appeal rights. The twelve-month period is "approximate" only to reflect that United's internal systems cannot show the exact date on which a reprocessed EOB was issued to a provider from its overpayment data system; United will determine the universe of eligible providers as closely as can be determined through reasonable effort.

8.     After the Court certified the Class with Integrated Orthopedics as the Class Representative, the parties undertook an extensive and intensive period of merits discovery in 2015. Three IO personnel sat for lengthy depositions, and IO followed case developments throughout the case.

9.     During the merits discovery phase, Class Counsel uncovered evidence that supported the motion for partial summary judgment that Plaintiffs filed in August 2015.

10.     Plaintiff was well informed during the settlement negotiation process. Plaintiff engaged in aggressive fact discovery in the months after class

3

certification, deposing over 20 people and gathering significant documentary evidence, all of which had informed its decision to move for partial summary judgment. In short, Plaintiff went into the mediation and settlement negotiations armed with years of evidence to support its claims, and drew on that evidence during the settlement activities.

11.     As it did when it was appointed Class Representative in 2014, Named Plaintiff IO currently has an unresolved Repayment Request.

12.     Class Counsel have worked successfully with A.B. Data, Ltd. in other class action cases in which Class Counsel have sought the appointment of A.B. Data to serve as Settlement Administrator. *See* www.abdataclassaction.com.

I declare under penalty of perjury that the foregoing is true and correct. Executed electronically on August 4, 2020 in Chevy Chase, Maryland.

Respectfully submitted,

  /s/ Andrew N. Goldfarb
Andrew N. Goldfarb

**<u>EXHIBIT A</u>**

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., on behalf of a certified class, Plaintiffs, v. UNITEDHEALTH GROUP, *et al.*, Defendants. | Civil Action No.: 11-425 (ES) (JAD) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Settlement Agreement (the "Settlement Agreement") by and among named plaintiff Integrated Orthopedics, Inc. (the "Named Plaintiff"), acting individually and on behalf of the Class defined below, and defendants UnitedHealth Group, United HealthCare Services, Inc., and OptumHealth Care Solutions, Inc. (collectively referred to as "United" herein), by and through their respective counsel (together, the "Settling Parties").

## RECITALS[1]

WHEREAS, on January 24, 2011, then named plaintiffs Premier Health Center, P.C., Judson G. Sprandel, II, D.C., and Ohio State Chiropractic Association filed an action titled *Premier Health Center, P.C. v. UnitedHealth Group* in the United States District Court for the District of New Jersey (the "Court"); that action was assigned to the Honorable Faith S. Hochberg and given the case number 2:11-cv-00425-FSH;

WHEREAS, on April 22, 2011, named plaintiffs Premier Health Center, P.C., Judson G. Sprandel, II, D.C., Brian S. Hicks, D.C., Jeremy Rodgers, D.C., A.T.C., Amy O'Donnell (collectively, the "Individual Chiropractor Plaintiffs" and representative of the "ERISA

---

[1] These Recitals incorporate certain capitalized terms that are defined in Section I, *infra.*

7247049.1
7304786.1

**EXECUTION COPY**

Chiropractor Class"), Tri3 Enterprises, LLC ("Tri3"), Beverly Hills Surgical Center ("BHSC") (collectively with the Individual Chiropractor Plaintiffs, the "Individual Plaintiffs" and representative of the "ERISA Recoupment Class"), and Congress of Chiropractic State Associations, the American Chiropractic Association, the Ohio State Chiropractic Association, and the Missouri State Chiropractic Association (collectively, the "Association Plaintiffs") filed the First Amended Class Action Complaint;

WHEREAS, on June 30, 2011, this case was reassigned to the Honorable Esther Salas;

WHEREAS, on March 30, 2012, the Court entered an order granting the United Defendants' Motion to Compel Arbitration as to plaintiffs Judson G. Sprandel and Brian S. Hicks and dismissing their claims without prejudice;

WHEREAS, on June 4, 2012, the Court entered an order granting the Stipulation for a Voluntary Dismissal with prejudice of plaintiff Premier Health Center, P.C. for all claims against the United Defendants;

WHEREAS, on February 5, 2013, the Court entered an order granting the Stipulation for a Voluntary Dismissal with prejudice of all claims against defendants Health Net of the Northeast and Health Net of New York, Inc.;

WHEREAS, on April 15, 2013, the remaining Individual Plaintiffs, including the Association Plaintiffs as well as Judson G. Sprandel (since it was determined that he was an out-of-network provider and not subject to an arbitration clause), filed a Second Amended Class Action Complaint, but Judson G. Sprandel was no longer included as an Individual Chiropractor Plaintiff;

WHEREAS, on August 1, 2013, the Court entered an order granting the United Defendants' Motion for Summary Judgment as to the Individual Chiropractor Plaintiffs, dismissing those claims with prejudice, and also denying Plaintiffs' Motion to Certify the ERISA

7247049.1
7304786.1

**EXECUTION COPY**

Chiropractor Class as moot and denying Plaintiffs' Motion to Certify the ERISA Recoupment Class;

WHEREAS, on August 16, 2013, Plaintiffs filed a renewed Motion for Certification, proposing two new classes: the ONET Demand Class and the ONET Offset Class;

WHEREAS, on November 20, 2013, the Court entered an order granting the United Defendants' Motion to Strike the renewed Motion for Certification with respect to the ONET Offset Class, but denying it with respect to the ONET Repayment Demand Class;

WHEREAS, on December 2, 2013, the Court entered an order denying the United Defendants' Motion for Summary Judgment against Judson G. Sprandel as a named plaintiff of the ONET Repayment Demand Class;

WHEREAS, on August 28, 2014, the Court granted Plaintiffs' Motion to Certify the ONET Repayment Demand Class, subject to submission of additional evidence that BHSC and/or Tri3 had a claim that fits within the definition of the Class, and granted the United Defendants' Motion to Reconsider the Court's December 2, 2013 ruling denying summary judgment against Judson G. Sprandel as a named plaintiff of the ONET Repayment Demand Class;

WHEREAS, on December 2, 2014, the Court entered an order granting the unopposed motion filed by Plaintiffs to substitute Integrated Orthopedics, Inc. in place of Tri3 as Named Plaintiff and Class representative;

WHEREAS, on December 15, 2014, the Court entered an order vacating the August 28, 2014 class certification order and certifying the Class without condition;

WHEREAS, on January 22, 2015, the Court entered an order granting a Stipulation to (A) sever from this action (i) all claims by Plaintiffs against defendant Optum related to utilization review, which became the subject of discussions between the parties outside a litigation forum,

3

**EXECUTION COPY**

and (ii) all repayment request claims of the Associations, which were stayed pending resolution of the claims of the Class, and (B) dismiss without prejudice BHSC's claims, but not claims encompassed by the claims of the Class;

WHEREAS, on August 31, 2015, the Plaintiffs filed a Motion for Partial Summary Judgment on Liability, and the Defendants filed a Motion for Summary Judgment Against Integrated Orthopedics, Class Representative, and filed a Motion for Class Decertification Under Fed. R. Civ. P. 23(c)(1)(C);

WHEREAS, on June 14, 2016, the Court entered an order referring the action to mediation, staying the action, and terminating the motions filed on August 31, 2015, subject to reinstatement;

WHEREAS, beginning in September 2016, the Settling Parties have conducted court-ordered, arm's-length negotiations concerning a proposed class-wide settlement before and with the assistance of The Honorable Garrett Brown (retired), of JAMS;

WHEREAS, Class Counsel has conducted a thorough investigation and evaluation of the facts and law related to the claims of the Class in order to determine how best to serve the interests of the Named Plaintiff and the Class;

WHEREAS, the Named Plaintiff and Class Counsel have taken thorough discovery concerning the claims asserted in this action and believe those claims to have merit, but recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute this action against United through trial and any appeals. The Named Plaintiff and Class Counsel also have taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. The Named Plaintiff and Class Counsel are mindful of the inherent problems of proof under and possible defenses to this action. The Named Plaintiff and Class Counsel believe the proposed Settlement confers substantial benefits

4

**EXECUTION COPY**

on the Class.  Based on their evaluation of all these factors, the Named Plaintiff and Class Counsel have determined that the Settlement is in the best interests of the Class and represents a fair, reasonable, and adequate resolution of the litigation; and

WHEREAS, United denies any liability to the Named Plaintiff or the Class.  United has taken thorough discovery concerning the claims asserted by the Named Plaintiff and believes it has meritorious defenses to all of them, but recognizes and acknowledges the expense and length of continued proceedings that would be necessary to defend the Litigation through trial and any appeals.  United is also mindful of the inherent problems of possible defenses to this action.  In agreeing to enter this Settlement, United has also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation.

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, subject to the approval of the Court, that the Litigation shall be fully and finally compromised and settled, and that the Litigation shall be dismissed with prejudice, subject to and upon the terms and conditions described below.

## I.    DEFINITIONS

### a.    Authorized Representative

"Authorized Representative" means a representative designated by a patient under ERISA, and pursuant to 29 C.F.R. § 2560-503-1(b)(4) of the ERISA Claims Regulation and in accordance with the terms of the patient's plan, to act on a patient's behalf to pursue claims and exercise rights specified by the patient under the patient's employee healthcare benefit plan, with respect to medical or other healthcare expense(s) incurred or to be incurred as a result of the services a patient receives from a healthcare provider.  These rights may, to the full extent consistent with the patient's Authorized Representative Form, include all rights to act on a patient's behalf with respect to all benefit determinations covered by the scope of the authorization, all rights available

5

EXECUTION COPY

to the patient under the ERISA Claims Regulation, the right to pursue appeals of benefit determinations and to obtain related records, and to file claims on a patient's behalf for such medical or other healthcare service benefits, insurance, or healthcare benefit plan reimbursement, and the right to pursue any other applicable remedies for the patient, including under 29 U.S.C. § 1132.

        **b.**     **Authorized Representative Form**

"Authorized Representative Form" is a form that confers Authorized Representative status and thereby allows the Authorized Representative to exercise all rights of the patient that are authorized by the Authorized Representative Form.

        **c.**     **Assignment of Benefits**

"Assignment of Benefits" means an assignment by a patient-assignor of all or any portion of the patient-assignor's contractual rights to payment of healthcare benefits under a United Plan, thereby irrevocably transferring the contractual right to the assigned benefit payment from the patient to the provider.

        **d.**     **Claim Redetermination**

"Claim Redetermination" shall mean the decision by United to reprocess a claim that was processed by United's UNET system due to what United believes was a previous claims processing error that resulted in what United believes was an incorrect overpayment for healthcare services. United issues Reprocessed PEOBs to providers upon a Claim Redetermination.

        **e.**     **Class**

Subject to final approval by the Court of this Stipulation, the "Class" means the previously-certified ONET Repayment Demand Class whose definition is hereby revised pursuant to Fed. R. Civ. P. 23(c)(1)(C) to be as follows:

6

**EXECUTION COPY**

All ONET Providers (such as individual practitioners, or durable medical equipment providers or facilities) who, at any time after January 24, 2005: (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Request has not been fully resolved by repayment, offset, or otherwise, as of the Effective Date of This Agreement.

### f.      Class Counsel

"Class Counsel" means D. Brian Hufford, Jason S. Cowart, and Andrew N. Goldfarb of the law firm of Zuckerman Spaeder LLP; John W. Leardi, Vincent Buttaci, and Paul D. Werner of the law firm of Buttaci Leardi & Werner LLC; and Anthony Maul of The Maul Firm, P.C.

### g.      Class Lists

a) The "Class List" means a list created by United in spreadsheet form of all members of the Class.

b) The "Recent Claim Redetermination List" means a list created by United in spreadsheet form of all Claim Redeterminations made by United within twelve (12) months of the Effective Date of This Agreement (as closely as can be determined through reasonable effort) that affect Class members, which for each claim shall include provider name, provider ID number, claim number, date(s) of service, approximate date of Repayment Request, approximate date of Claim Redetermination and associated Reprocessed PEOB, dollar amount associated with each Claim Redetermination, and

7

**EXECUTION COPY**

remark codes from the member EOB explaining the basis for the Claim Redetermination.

**h.     Class Notice**

"Class Notice" means the Fed. R. Civ. P. 23(c)(2) notice of settlement that will be provided to the Class.  Class Notice will include a "Short Form Notice" and a "Long Form Notice."  The Short Form Notice will be mailed to Class members by the Settlement Administrator in substantially the same form as Exhibit 1, and will include a reference to the Website, and will also provide a telephone number that Class members may call with questions about the Settlement. The Long Form Notice means the notice of Settlement that will be posted on the Website in substantially the same form as Exhibit 2.

**i.     Effective Date of Settlement**

"Effective Date of Settlement" means thirty (30) days after:  (1) the Court enters the Final Order and Judgment, in all material respects similar to the form attached hereto as Exhibit 4; and (2) all appellate rights with respect to said Final Order and Judgment have expired or been exhausted in such a manner as to affirm the Final Order and Judgment, except that Class Counsel may appeal any award of attorneys' fees less than the amount agreed to herein and such an appeal shall not extend the Effective Date of Settlement.

**j.     Effective Date of This Agreement**

"Effective Date of this Agreement" means the date the last of Class Counsel or United executed this Settlement Agreement.

**k.     ERISA**

"ERISA" is the Employee Retirement Income Security Act of 1974.

**l.     ERISA Claims Regulation**

"ERISA Claims Regulation" means 29 C.F.R. § 2560.503-1.

8

**EXECUTION COPY**

### m.     **Fairness Hearing**

"Fairness Hearing" means the final hearing, held after the Preliminary Approval Order is issued, in which the Court will determine, *inter alia*, whether this Settlement Agreement should be approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), whether the proposed Final Order and Judgment should be entered, the amount of attorneys' fees and costs to be awarded to Class Counsel, and the amount of any service award to the Named Plaintiff.

### n.     **Litigation**

"Litigation" means *Integrated Orthopedics, Inc. v. UnitedHealth Group, et al.*, Civil Action No. 11-425 (ES) (JAD), pending in the United States District Court for the District of New Jersey.

### o.     **Named Plaintiff**

"Named Plaintiff" means Integrated Orthopedics, Inc., which serves as the Class Representative.

### p.     **ONET Provider**

"ONET Provider" is a provider of healthcare services who has treated or will treat patients who are subscribers, members, participants, or beneficiaries under a United Plan, but who does not have a contractual relationship with United to provide healthcare services at agreed-upon rates at the time of that treatment.

### q.     **Optum Payment Integrity**

"Optum Payment Integrity" is a division within Optum Inc. that is responsible for conducting post-payment audits and identifying potential overpayments.   Optum Payment Integrity was known as Audit and Recovery Operations, or "ARO," when the factual record was developed in this case.

7247049.1
7304786.1

**EXECUTION COPY**

### r.  **Overpayment Determination**

"Overpayment Determination" means a determination by United that an ONET Provider was overpaid by or pursuant to a United Plan in relation to a claim submitted by that provider through United's UNET system.

### s.  **PEOB**

"PEOB" means Provider Explanation of Benefits, which is the form that United sends to healthcare providers that includes information about the computation of benefit payments made to a provider at the direction of patients who are participants in or beneficiaries of United Plans.

### t.  **Released Class Claims**

"Released Class Claims" means, with the clarifications described below, any and all claims, demands, actions, causes of action, and suits against United seeking injunctive or declaratory relief for United's alleged failure to afford any member of the Class notice and appeal rights set forth in the ERISA Claims Regulation with respect to an Overpayment Determination identified in United's UNET system or a related Claim Redetermination. The parties expressly agree that the following claims by Named Plaintiffs and/or any member of Class are not included within the definition of "Released Class Claims": Any (a) claim for benefits or the denial of benefits, (b) claim (other than a claim that asserts that United failed to provide adequate notice and appeal rights) that is brought pursuant to 29 U.S.C. § 1132(a) following administrative appeal of an Overpayment Determination, and (c) claim (other than a claim that asserts that United failed to provide adequate notice and appeal rights) that challenges United's policy and practice of allegedly offsetting payments for new and unrelated claims as a means to recover an alleged overpayment.

### u.  **Released United Claims**

"Released United Claims" means any and all claims, demands, actions, causes of action, motions, and suits that United could have asserted in this action or any other action itself against

10

EXECUTION COPY

Named Plaintiffs, members of the Class, or Class Counsel based on the manner in which the Litigation was prosecuted, including any alleged violation or non-compliance with Rule 11 of the Federal Rules of Civil Procedure.

### v.  Released Parties

"Released Parties" means United, its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders.

### w.  Repayment Request

"Repayment Request" means a request to an ONET provider by United, pursuant to an Overpayment Determination identified in United's UNET system, to return money paid by United.

### x.  Reprocessed PEOB

"Reprocessed PEOB" means a Provider Explanation of Benefits that United sends to providers containing revised benefit computation information following a Claim Redetermination resulting from an overpayment.

### y.  Settlement

"Settlement" means the settlement contemplated by this Settlement Agreement.

### z.  Settlement Administrator

"Settlement Administrator" means a third-party entity designated by Class Counsel and paid by United to assist in implementing the terms of the Settlement, including, but not limited to, providing notice to the Class, operating and maintaining the Website, and responding to communications from Class members about the terms of the Settlement.

11

7247049.1
7304786.1

**EXECUTION COPY**

### aa.   Settlement Agreement

"Settlement Agreement" means this Stipulation and Agreement of Settlement.

### bb.   Settling Parties

"Settling Parties" means the Named Plaintiff, the Class and any Class member, and United.

### cc.   United

"United" means UnitedHealth Group, its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders; United HealthCare Services, Inc., its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders; and OptumHealth Care Solutions, Inc., its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders.

### dd.   United Plan

"United Plan" means any healthcare benefits plan governed by ERISA and insured or administered by United.

12

EXECUTION COPY

### ee.    Website

"Website" means a settlement website containing further details about the substance and procedure of the proposed Settlement that shall be established, maintained, and operated by the Settlement Administrator consistent with this Settlement Agreement.

## II.    UNITED'S SETTLEMENT OBLIGATIONS

In consideration of the Release provided for herein and the dismissal of the Litigation with prejudice, the receipt and sufficiency of which United hereby expressly acknowledges, United shall perform the following actions, all of which shall apply only to ERISA-governed plans, for the benefit of Named Plaintiff and the Class and, as set forth in sections (f) and (g) below, for the benefit of other ONET Providers as intended third-party beneficiaries of this Settlement Agreement:

### a.    Creating the Class Lists

Within fifteen (15) to thirty (30) days of the Effective Date of this Agreement, United shall produce and provide to Class Counsel and the Settlement Administrator, in spreadsheet form, the Class List, and shall produce and provide to Class Counsel, in spreadsheet form, the Recent Claim Redetermination List.

### b.    Authorized Representative Status

United shall treat, deem, and regard as Authorized Representatives all Class Members as follows:

(i) with regard to Claim Redeterminations affecting that Class Member that are identified on the Recent Claim Redetermination List; and

(ii) with regard to any individual, non-class action under 29 U.S.C. 1132(a)(1)(B) challenging any recovery, by offset, collection or otherwise, subsequent to the Effective Date of this Agreement, by United of an amount identified by United as overpaid which is the subject of

13

**EXECUTION COPY**

any Overpayment Determination or Claim Redetermination that is related to a Repayment Request that conferred Class member status in this action.

        c.    **Providing ERISA Rights With Respect to Recent Claim Redeterminations**

(i) Within thirty (30) days after this Court's entry of the Effective Date of Settlement, United shall, as ordered by the Court, cause the Settlement Administrator to mail to all Class members identified on the Recent Claim Redetermination List notice in substantially the same form as Exhibit 7 that (A) United is treating, deeming, and regarding them as Authorized Representatives with respect to the Claim Redeterminations identified on the Recent Claim Redetermination List, (B) with regard to those Claim Redeterminations identified on the Recent Claim Redetermination List, a spreadsheet setting forth the claim number, date(s) of service, approximate date of Repayment Request, approximate date of Claim Redetermination and associated Reprocessed PEOB, dollar amount associated with each Claim Redetermination, and remark codes and related explanation from the member EOB regarding the basis for the Claim Redetermination, (C) a statement that the Class member may appeal any of the Claim Redeterminations within 180 days, that such appeal will be decided within 540 days of receipt of such appeal, and that the Class member may subsequently file a civil action under ERISA once all appeals have been exhausted, and (D) a statement that the Class member may request copies (free of charge) of additional information relevant to the Claim Redetermination.

(ii) Notwithstanding anything to the contrary in the applicable Plan, within 180 days of receipt of the notice described in section II(c)(i), Class members may appeal any Claim Redetermination set forth on the Recent Claim Redetermination List as an Authorized Representative pursuant to the ERISA Claims Regulation. If any Class member appeals any such

14

7247049.1
7304786.1

**EXECUTION COPY**

Claim Redetermination, United shall provide the represented United member with an appeal consistent with the requirements of § (h) of the ERISA Claims Regulation.

Any appeals timely filed by Class members pursuant to Section II(c)(ii) of this Settlement Agreement will be decided by United on their respective underlying merits within 540 days of receipt of the appeal, without regard to whether the period for exhausting administrative remedies under the applicable United Plan has expired. Submitting an appeal pursuant to the rights granted in this Settlement Agreement does not guarantee that a Claim Redetermination will be overturned, does not it guarantee that any Class member's alleged debt to United shall be reduced, and does not guarantee that any money will be returned to a Class member. To the contrary, based on the success rate of past appeals, United expects to deny many of the appeals submitted as a result of this Settlement. Any appeal by a Class member that is not resolved by United within 540 days of receipt of the appeal shall be deemed to have been denied.

Class members who file appeals pursuant to Section II(c)(ii) of this Agreement that are subsequently denied or deemed denied are not entitled to any additional relief under this Settlement, monetary or otherwise, and Class members whose appeals are granted through this process are not entitled to any relief beyond reprocessing of the claim in question and a return of any funds United determines to have been improperly identified as overpaid, provided that nothing in this Settlement Agreement or this paragraph shall limit, preclude, or restrict any rights that Class members may have under applicable law, including without limitation the right to seek judicial review of any adverse appeal pursuant to 29 U.S.C. § 1132(a) or otherwise. United agrees that any applicable statute of limitations for bringing such an action seeking judicial review shall be tolled by the time period beginning with the commencement of the appeal and ending with its denial or deemed denial by United.

15

**EXECUTION COPY**

Class members who submit appeals pursuant to Section II(c)(ii) understand that due to the scope of this settlement, United cannot complete appellate review within the 45-day period prescribed by the ERISA Claims Regulation, as modified by the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 (2010), and agree to waive any argument based on non-compliance with this prescribed timeline in any subsequent litigation against United regarding the underlying claims.

(iii) Neither the exercise, nor the failure to exercise, any rights afforded to Class members pursuant to Section II(c)(ii) shall limit, preclude, or otherwise restrict the ability of subscribers, members, participants, or beneficiaries under a United Plan from exercising any rights to which they may be entitled under ERISA or the ERISA Claims Regulation.

(iv) United agrees that, where a member of the Class has appealed a Claim Redetermination pursuant to Section II(c)(ii) and completes the applicable administrative process, it will not argue in any subsequent proceeding or action, and hereby waives, the contention, affirmative defense, or claim that administrative remedies were not exhausted with regard to that Claim Redetermination or underlying Overpayment Determination and Repayment Request.

(v) United agrees that, where a member of the Class has brought a civil action meeting the full description set forth in Section II(b)(ii), it will not assert in that action that this Settlement Agreement precludes that Class member from making any legal arguments in support of the Class member's claim, including arguing that exhaustion of administrative remedies should be excused and/or deemed excused by operation of law. Otherwise, United reserves all rights in such an action to assert any applicable defenses, including that the Class member has failed to exhaust administrative remedies and that the claim is time-barred. United acknowledges that it does not intend Repayment Requests alone to provide proper notice of an adverse benefit determination

16

**EXECUTION COPY**

under the ERISA Claims Regulation, and Class members may cite this acknowledgement in any such action.

### d.    Suspension of Offsets, Recoveries, or Collections During Appeal

During the pendency of any appeal commenced pursuant to Section II(c)(ii), United shall not seek to recover from any Class member, by offset, collection, or otherwise, the Overpayment Determination amount which is the subject of the Claim Redetermination being appealed.

### e.    Compliance with Applicable Law

United agrees, promises, and hereby covenants that it will continue to comply with all valid and applicable laws regarding the timing of overpayment identification, recovery, and offset, and that nothing in this Settlement Agreement shall be construed as allowing United to recover overpaid amounts that it is prohibited from recovering by law.

### f.    Creating and Distributing a Template Authorized Representative Form

United shall create a template Authorized Representative Form, conforming to the description set forth in Exhibit 5, which shall be included as Exhibit A to the Long Form Notice. Within sixty (60) days of the Effective Date of Settlement, United shall ensure that the template Authorized Representative Form is also: (i) made available by United for download from the uhc.com website; (ii) referenced in Reprocessed PEOBs sent to ONET Providers following Claim Redeterminations, which will include a link to the section of United's website containing the template Authorized Representative Form; and (iii) otherwise made freely available by United to ONET Providers upon request.

### g.    Acceptance of Authorized Representative Template and Authorized Representative Language

United agrees that, notwithstanding any contrary provisions in any Plan, after the Effective Date of Settlement, UNET's designated system for processing UNET appeals will accept the

17

**EXECUTION COPY**

template Authorized Representative Form from Class members and all ONET Providers as an Authorized Representative Form that confers Authorized Representative status with respect to Plans that United administers and thereby allows the Authorized Representative to exercise all rights that appertain to that status.

United agrees that, notwithstanding any contrary provisions in any Plan, after the Effective Date of Settlement, UNET's designated system for processing UNET appeals will also treat, deem, and regard as an Authorized Representative with respect to Plans that United administers as of the Effective Date of this Agreement anyone who submits any Assignment of Benefits Form that includes language similar in substance to the language set forth in Exhibit 6, regardless of its effectiveness as an Assignment of Benefits. United agrees that UNET's designated system for processing UNET appeals will accept such forms as if they were Authorized Representative Forms that confer Authorized Representative status and thereby allow the Authorized Representative to exercise all rights that appertain to that status.

### h.    Attorneys' Fees and Expenses

United shall pay to Class Counsel reasonable attorneys' fees and expenses, subject to Court approval, of $4,210,000. Class Counsel shall apply to the Court for a total award of attorneys' fees and expenses not to exceed this amount, covering all legal services provided by Class Counsel in the past and future to Named Plaintiff and the Class in connection with the Litigation, the Settlement, any appeal in connection with the Settlement, and implementation of the Settlement Agreement (the "Fee and Expense Application"). United will not dispute or oppose the Fee and Expense Application, which shall be subject to Court approval. The Court will determine what amount of fees and expenses shall be awarded and issue an Order stating the amount of fees and expenses to be awarded. In the event the Court awards attorneys' fees and expenses above the

18

**EXECUTION COPY**

agreed-upon amount above, Class Counsel agrees to forego, quit, and disclaim any amount greater than the agreed-upon amount. In the event Class Counsel accepts a fee and expense award in excess of the agreed-upon amount, United may, at its sole discretion, regard same as a material breach of this Settlement Agreement, and constitute grounds for United to withdraw from it. Subject to the foregoing, within thirty (30) days after the Effective Date of Settlement, United shall pay to Class Counsel the amount of attorneys' fees and costs awarded by the Court pursuant to the terms of this Settlement Agreement.

Class Counsel must provide United with a completed W-9 form for the first payee of attorneys' fees and costs, as well as payment instructions, within fifteen (15) days of the Final Order and Judgment. Any order or proceedings related to the Fee and Expense Application, or any appeal solely from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of judgment approving the Settlement and this Settlement Agreement.

i. **Service Award to Named Plaintiff**

As part of the Fee and Expense Application, Class Counsel shall apply to the Court for a Service Award in the amount of $40,000.00 to be awarded to the Named Plaintiff for serving as Named Plaintiff and Class Representative. United shall pay the Service Award, in any amount approved by the Court up to but not exceeding $40,000, within thirty (30) days of the Effective Date of Settlement. Class Counsel must provide United with a completed W-9 form for the first payee of the Service Award, as well as payment instructions, within fifteen (15) days of the Final Order and Judgment. Neither the fact nor amount of a Service Award, nor the fact of any non-award, shall be admissible in any other proceeding against United, nor shall it be deemed to be a finding as to the merits or defenses of any claim.

19

EXECUTION COPY

### j.   Dismissal of Other Claims

Class Counsel shall (A) dismiss without prejudice the following severed claims: (i) all claims by Plaintiffs against defendant Optum related to utilization review, as those claims have become the subject of discussions between the parties outside a litigation forum, and (ii) all BHSC claims excepting those that fall within the claims of the Class which are the subject of this Section II; and (B) dismiss with prejudice all Repayment Request claims of the Associations, which were stayed pending resolution of the claims of the ONET Repayment Demand Class.

## III.   SETTLEMENT APPROVAL PROCESS

### a.   Preliminary Approval of Settlement

Promptly after the Effective Date of this Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached hereto as Exhibit 3 which shall include, among other things:

- A finding that the Court will likely be able to approve the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

- Approval of the Class Notice containing the language in Exhibits 1 and 2 for distribution to Class members;

- A direction to the parties to disseminate, at United's expense, the Class Notice in the forms approved by the Court to Class members identified on the Class List;

- A finding that the Class Notice constitutes the best practicable notice under the circumstances, including individual notice to all Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

- A direction that, pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Class members shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on the Released Claims;

20

**EXECUTION COPY**

- The scheduling of a final hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order and Judgment should be entered (the Fairness Hearing);

- A direction that Class Counsel shall file a Fee and Expense Application (which may be part of Plaintiffs' Motion for Final Approval) no later than fourteen (14) days prior to the date set forth in the Preliminary Approval Order as the deadline for the objections; that Class Counsel shall file any supplemental brief in support of final approval of the Settlement Agreement no later than seven (7) days prior to the Fairness Hearing; and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of expenses should be awarded to Plaintiffs' counsel pursuant to the terms of the Settlement Agreement, and the amount of the Service Award pursuant to the terms of the Settlement Agreement;

- A direction that any Class member who wishes to object to this Settlement Agreement, the proposed Final Order and Judgment, and/or the Fee and Expense Application must file and serve such objections no later than the date set forth in the Preliminary Approval Order, which shall be approximately one month before the Fairness Hearing, together with copies of all papers in support of his or her position as provided in Section III(d) of the Settlement Agreement.  The Class Notice shall state that the Court will not consider the objections of any Class member who has not properly served copies of his or her objections on a timely basis or complied with the requirements of Section III(d) of this Settlement Agreement.

- Appointment of a Settlement Administrator to administer the Class Notice and Settlement processes.

       **b.**    **Notice to Attorneys General**

In compliance with the attorney general notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after the motion for Preliminary Approval Order is filed, the Settlement Administrator shall, at United's expense, provide notice of this proposed Settlement to the Attorney General of the United States,  to the attorneys general of each state or territory in which a Settlement Class member resides, to the state insurance regulator of each state or territory in the United States in which United is licensed to insure or administer health plans, and to the United States Secretary of Labor.  The notice will include (1) a copy of the Second Amended Class Action Complaint, (2) a copy of this Settlement Agreement and its exhibits, and (3) a reasonable estimate of the number of Class members in each state/territory and their percentage representation in the Class.

21

**EXECUTION COPY**

### c.     Notice to Class Members

As soon as practicable after the preliminary approval by the Court of the Settlement, the Settlement Administrator will, at United's expense, mail to Class members listed on the Class List the Short Form Notice in substantially the same form as Exhibit 1, and post on the Website the Long Form Notice substantially in the same form as Exhibit 2. The Settlement Administrator shall use its best efforts to complete the mailing of the Short Form Notice to Class members within thirty (30) days after the preliminary approval of the Proposed Settlement.

If any Short Form Notice mailed to any Class member is returned to the Settlement Administrator as undeliverable, then the Settlement Administrator shall perform a reasonable search for a more current name and/or address for the Class member and (provided that a more current name and/or address can be found through such a search) resend the returned Short Form Notice to the Class member. In the event that any Short Form Notice mailed to a Class member is returned as undeliverable a second time, then no further mailing shall be required. The Settlement Administrator will promptly log each Short Form Class Notice that is returned as undeliverable and not successfully resent and provide copies of the log to Class Counsel and United.

### d.     Objection to Settlement

Any Class member who intends to object to the Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, file any such objection with the Court, and provide copies of the objection to: (1) Andrew N. Goldfarb of Zuckerman Spaeder LLP, 1800 M Street, NW, Suite 1000, Washington, DC 20036, and Vincent N. Buttaci and John W. Leardi, Esq. of Buttaci Leardi & Werner, 212 Carnegie Center Drive, Suite 202, Princeton, NJ 08540 (Class Counsel); and (2) Brian D. Boyle of O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, DC 20006 (Defendants' Counsel).

22

**EXECUTION COPY**

Any objection to the Settlement Agreement must be individually and personally signed by the Class member submitting it (if the Class member is represented by counsel, the objection must also be signed by such counsel) and must include:

- The objecting Class member's full name, address, and telephone number;

- A written statement of all grounds for the objection, accompanied by any legal support for the objection;

- Copies of any papers, briefs, or other documents upon which the objection is based;

- A list of all cases in which the Class member and/or his or her counsel filed or in any way participated—financially or otherwise—objecting to a class settlement during the preceding five (5) years;

- The name, address, email address, and telephone number of every attorney representing the objector; and

- A statement indicating whether the objector and/or his or her counsel intend to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

Any member of the Class who does not file a timely written objection to the Settlement or the Settlement Agreement and notice of his or her intent/non-intent to appear at the Fairness Hearing, or who otherwise fails to comply with the requirements of this section, shall be foreclosed from seeking any adjudication or review of the Settlement or the Settlement Agreement by appeal or otherwise.

      **e.**      **Persons Objecting to the Settlement**

Neither United, the Class, nor Class Counsel shall be responsible for fees, costs, or expenses or any kind incurred by or on behalf of any Class member who submits objections to the Settlement Agreement or any action or proceeding related thereto, including without limitation any appeal by or on behalf of any Class member of any order issued by the Court with regard to this Settlement Agreement.

23

**EXECUTION COPY**

### f.   **Fairness Hearing**

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will (1) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate, and (2) decide whether to approve Class Counsel's Fee and Expense Application and issue an Order memorializing that decision.  The Settling Parties will request that the Court hold the Fairness Hearing approximately one month after the deadline for submitting objections.

### g.   **Final Order and Judgment**

If this Settlement Agreement is finally approved by the Court, a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) shall be entered substantially in the form attached as Exhibit 4, as follows:

- Revising the definition of the ONET Repayment Demand Class pursuant to Fed. R. Civ. P. 23(c)(1)(C), as set forth in paragraph 1(e), above;

- Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Class;

- Declaring the Settlement Agreement to be binding on United and Named Plaintiff, as well as all members of the Class;

- Dismissing on the merits and with prejudice the Second Amended Complaint in *Integrated Orthopedics, Inc. v. UnitedHealth Group, et al.*;

- Forever discharging the Released Parties from all Released Claims;

- Indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel; and

- Indicating the amount of the Service Award.

### h.   **Releases**

Upon the Effective Date of the Settlement, the Named Plaintiff and each Class member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and discharged the Released Parties from his, her, or its Released Class Claims.  Upon the Effective Date of the Settlement, United shall be deemed to have, and by operation of the Final

24

EXECUTION COPY

Order and Judgment shall have, released, waived, and discharged Named Plaintiffs, members of

the Class, and Class Counsel from the Released United Claims.

## IV.    WITHDRAWAL FROM SETTLEMENT AGREEMENT

Any Settling Party shall have the option to withdraw from this Settlement Agreement, and

to render it null and void, if any of the following occurs:

- Any objections to the proposed Settlement are sustained and such objection results in Court-requested changes to the Settlement Agreement that the withdrawing party deems to be material (e.g., because it increases the direct or indirect cost of the Settlement, particularly with respect to operational changes; delays approval and/or implementation of the Settlement; or deprives the withdrawing party of a benefit of the Settlement);

- Any attorney general is allowed to intervene in the action and such intervention results in Court-requested changes to this Settlement Agreement that the withdrawing party deems to be material (e.g., because it increases the direct or indirect cost of the Settlement, particularly with respect to operational changes; delays approval and/or implementation of the Settlement; or deprives the withdrawing party of a benefit of the Settlement);

- The preliminary or final approval of the Settlement Agreement is not obtained without modification to the proposed preliminary and final approval orders attached as exhibits to this Settlement Agreement, and any modification to such orders requested by the Court as a condition for approval is deemed to be material and is not agreed to by the withdrawing party (e.g., because it increases the direct or indirect cost of the Settlement, particularly with respect to operational changes; delays approval and/or implementation of the Settlement; or deprives the withdrawing party of a benefit of the Settlement); or

- Entry of the Final Order and Judgment described in this Settlement is reversed or modified by an appellate court in a manner that the withdrawing party deems to be material, except that a reversal or modification of an order awarding reasonable attorneys' fees and expenses shall not be a basis for withdrawal.

To withdraw from the Settlement Agreement under this Section, the withdrawing party

must provide written notice of withdrawal to the other party's counsel and to the Court.  In the

event either party withdraws from the Settlement, this Settlement Agreement shall be null and

void, shall have no further force and effect with respect to any party in the Litigation, and shall not

be offered in evidence or used in any litigation for any purpose, including the existence,

certification, or maintenance of any purported class.  In the event of such withdrawal, this

7247049.1
7304786.1

**EXECUTION COPY**

Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law, and shall not be admitted into evidence or otherwise used in any manner for any purpose, and all parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

**V.    ENFORCEMENT**

Any Settling Party may seek to enforce this Settlement Agreement. In addition, any ONET Provider, as an intended third-party beneficiary of this Settlement, may seek to enforce Section II(f) and (g) of this Settlement Agreement.

**VI.    MISCELLANEOUS PROVISIONS**

**a.    Class Certification**

For the purposes of this Settlement only, and not for purposes of litigation in this or any other action, United does not contest this Court's certification of the Class or the revised Class definition set forth herein, and will not seek decertification of the Class or appeal certification of the Class.

**b.    Effect of Exhibits**

The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

**c.    No Admission**

This Settlement Agreement is for settlement purposes only. Neither the fact of, nor any provision contained in this Settlement Agreement, nor any action taken hereunder, shall constitute,

26

**EXECUTION COPY**

or be construed as, any admission of the validity of any claim or any fact alleged in the Litigation or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party to this action or any admissions by any party to this action of any claim, defense, or allegation made in any action or proceeding against any party.  If this Settlement Agreement is terminated and becomes null and void, this Settlement Agreement shall have no further force and effect with respect to any party to the Litigation and shall not be offered in evidence or used in the Litigation or any other proceeding.  Information provided by the parties to each other or counsel for the parties in connection with settlement negotiations is for settlement purposes only and shall not be used or disclosed for any other purpose whatsoever.

### d.      Return or Destruction of Confidential Documents

Upon the Effective Date of Settlement, all documents and information marked or designated as "Confidential," as defined in and subject to any sealing or protective order entered in this Litigation, shall be returned to the producing party or destroyed within thirty (30) days.

### e.      Entire Agreement

This Settlement Agreement represents the entire agreement and understanding among the Settling Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement.  The Settling Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person against whom enforcement of the Settlement Agreement is sought.

7247049.1
7304786.1

**EXECUTION COPY**

           **f.**     **Counterparts**

This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any party who has signed it, and all of which shall be deemed a single agreement.

           **g.**     **Arm's-Length Negotiations**

The Settling Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's-length, and have been guided and assisted in those negotiations by The Honorable Garrett Brown as court-appointed mediator. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Settling Parties in entering into this Settlement Agreement. The Settling Parties have both participated in the drafting of this agreement, and it is not to be construed in favor of or against either of the Settling Parties.

           **h.**     **Dispute Resolution**

Except as provided in Section III(i), any dispute, challenge, question, or the like relating to this Settlement Agreement (other than those which this Settlement Agreement provides shall be resolved otherwise) shall be heard only by this Court.

           **i.**     **Continuing and Concurrent Jurisdiction**

For the purpose of the administration and enforcement of this Settlement Agreement by United, the Court shall retain continuing and exclusive jurisdiction. For purposes of enforcement of this Settlement Agreement by members of the Class, this Court shall have concurrent jurisdiction with any other court of competent jurisdiction.

           **j.**     **Binding Effect of Settlement Agreement**

This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties and their representatives, heirs, successors, and assigns.

28

**EXECUTION COPY**

### k.   **Nullification**

In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect other provisions if United and Class Counsel mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

### l.   **Extensions of Time**

The Settling Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to Court dates).

### m.   **Service or Notice**

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to United or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Settling Parties in writing:

As to Plaintiffs:    D. Brian Hufford, Esq.
Jason S. Cowart, Esq.
Zuckerman Spaeder LLP
485 Madison Avenue
10th Floor
New York, NY  10022

*and*

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW

29

EXECUTION COPY

Suite 1000
Washington, DC 20036

*and*

Vincent N. Buttaci, Esq.
John W. Leardi, Esq.
Buttaci Leardi & Werner LLC
212 Carnegie Center Dr., #202
Princeton, NJ 08540

As to United:
Brian D. Boyle, Esq.
Kevin D. Feder, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

*and*

Thomas R. Curtin, Esq.
George Jones, Esq.
McElroy, Deutsch, Mulvaney &
   Carpenter LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100

n.    **Authority to Execute Settlement Agreement**

Each counsel or other person executing this Settlement Agreement or any of its exhibits on

behalf of any party hereto warrants that such person has the authority to do so.

\*        \*        \*        \*        \*        \*

30

**EXECUTION COPY**

IN WITNESS HEREOF, the Settling Parties have caused this Settlement Agreement to be

executed by their duly authorized attorneys, as of the dates listed below.

**ON BEHALF OF DEFENDANTS**

_____        $7/21/20$

Thad Johnson                            Date
Chief Legal Officer, UnitedHealthcare


**ON BEHALF OF PLAINTIFF AND THE CERTIFIED CLASS**

_____        $7/26/2020$

D. Brian Hufford                        Date
Jason S. Cowart
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600                          Vincent N. Buttaci
                                        John W. Leardi
                                        Paul D. Werner
-and-                                   BUTTACI LEARDI & WERNER LLC
                                        212 Carnegie Center, Suite 202
                                        Princeton, NJ 08540
Andrew N. Goldfarb                      (609) 799-5150
ZUCKERMAN SPAEDER LLP
1800 M Street, NW                       Anthony F. Maul
Suite 1000                              THE MAUL FIRM, P.C.
Washington, DC 20036                    101 Broadway, Suite 3A
(202) 778-1800                          Oakland, CA 94607
                                        (510) 496-4477

31

Exhibit 1

*[Settlement Administrator]*
*PO Box XXX*
*City, ST 12345-0000*

PRE-
SORTED
First-Class
Mail
US Postage
Paid
City, ST
Permit No.
XXX

**THIS IS NOT JUNK MAIL. THIS POSTCARD PROVIDES IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS IN A CLASS ACTION CASE. PLEASE READ.**

[Class Member Name]
[Street Address]
[City, State, ZIP]

7235501.2

***The United States District Court for the District of New Jersey authorized this Notice. This is not a solicitation from a lawyer.***

## If you are an Out-of-Network Healthcare Provider who received notice of an alleged overpayment from United HealthCare or its affiliates after January 24, 2005, you may be affected by a class action settlement.

**Why Are You Receiving This Notice?**   This Notice is about the settlement of a class action lawsuit: *Integrated Orthopedics, Inc. v. UnitedHealth Group, et al.* (the "Lawsuit"). The Lawsuit concerns Repayment Requests sent by United HealthCare or its affiliates ("United") to out-of-network ("ONET") providers related to alleged overpayments. The Court certified the Lawsuit as a class action on December 15, 2014. You are receiving this Notice because United has identified you as an ONET provider to whom it sent a Repayment Request on or after January 24, 2005 that was still pending as of the date of the Settlement Agreement, and you are thus a member of the Class. This notice informs you of the consequences of the Settlement and your right to object.

**What Is the Lawsuit About?**   After paying claims submitted by ONET providers, United sometimes determined that it overpaid a claim and sent the provider a Repayment Request seeking repayment of the claimed overpayment. Plaintiff alleged that United failed to provide notice and appeal rights required by the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with those Repayment Requests. The Class did not seek the payment of any money, but sought to require United to provide ERISA notice and appeal rights to ONET providers in connection with past and future Repayment Requests. United denies that it did anything wrong.

**What is the Settlement?**   With respect to its UNET claim adjudication system, United will make clearer how Class members and all other ONET providers can receive certain ERISA rights as Authorized Representatives of United insureds in connection with existing and future Claim Redeterminations under ERISA-governed plans, and will make it easier for ONET providers to do so. This includes: making available to all providers an exemplar Authorized Representative form that United will accept from providers; agreed-upon language that providers can include in Assignment of Benefits forms to confirm their status as Authorized Representatives; providing upon provider request ERISA notice, appeal, and litigation rights concerning Claim Redeterminations and Repayment Requests that United sent to ONET providers within the twelve months preceding the Settlement Agreement; and treating as an Authorized Representative any Class Member who litigates United's pending Repayment Request that caused that person to be a Class Member. Subject to approval by the Court, United will pay attorneys' fees and expenses of $4,210,000 to class counsel and a service award of $40,000 to the Class representative. Class members will release United from any claims related to United's alleged failure to afford any member of the Class notice and appeal rights required by ERISA for past Overpayment Determinations or related Claim Redeterminations.

**What Do I Need to Do Now?**   You do not have to do anything to be covered by the proposed Settlement. If the Settlement is approved by the Court, you will automatically receive all the benefits of the Settlement. You can also object to the Settlement. For more information about the Settlement and instructions on objecting, visit the website listed below or contact the Settlement Administrator using the contact information below. It is important to note that the deadline for objecting is ==[Month 00, 2020]==.

**Where Can I Get More Information?**   You can obtain a more detailed notice and other important documents, including the Settlement Agreement (which contains definitions of the capitalized terms in this summary notice), at www.UnitedERISARightsClassAction.com; or by calling the Settlement Administrator at ==###-###-####==. **Do not call United.**

7235501.2

Exhibit 2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

# If you are an Out-of-Network Healthcare Provider who received an overpayment notice from United HealthCare after January 24, 2005, you may be affected by a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The Settlement resolves a certified class action lawsuit alleging that United HealthCare or its affiliates ("United") did not provide notice and appeal rights required by the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with Repayment Requests sent by United to out-of-network ("ONET") providers after January 24, 2005.

- The Class did not seek the payment of any money, seeking instead certain notice and appeal rights in connection with United's Repayment Requests to ONET providers.

- The Settlement will give ONET providers clear guidance on how to exercise ERISA appeal rights as Authorized Representatives of their patients whose benefits are insured or administered by United.  The Settlement also provides certain notice, appeal, and litigation rights to Class Members concerning pending Repayment Requests from United.  The Settlement releases United from liability for any past failure to provide ERISA notice and appeal rights in connection with Repayment Requests.

- Subject to Court approval, United will pay court-appointed lawyers for the Class $4,210,000 as fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement, and a $40,000 service award to the Class Representative.

- This is a non-opt-out class.  If the Settlement is approved, your legal rights will be affected regardless of whether you act.  Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will remain in the Class and, if the Court grants final approval, receive the benefits of the Settlement. |
| **OBJECT** | Write to the Court about why you disagree with the Settlement.  You will remain a part of the Class and entitled to the benefits of the Settlement if approved, but may still object to the Settlement, provided that you do so by [DATE].  You cannot opt out of the Settlement. |

| | |
|---|---|
| **GO TO A HEARING** | You have the right to attend the Court's fairness hearing and to speak about the fairness of the Settlement is such a hearing, should you timely request by [DATE]. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still has to decide whether to approve the Settlement.

# WHAT THIS NOTICE CONTAINS

## BASIC INFORMATION
1. Why did I receive notice of the proposed settlement?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

## WHO IS IN THE SETTLEMENT
5. How do I know if I am part of the Settlement?
6. Can I exclude myself from the Settlement?

## THE SETTLEMENT BENEFITS—WHAT YOU GET
7. What does the Settlement provide?

## THE LAWYERS REPRESENTING YOU
8. Do I have a lawyer in the case?
9. How will the lawyers be paid?
10. Will the Class Representative receive anything?

## OBJECTING TO THE SETTLEMENT
11. How do I tell the Court that I disagree with the Settlement?

## THE COURT'S FAIRNESS HEARING
12. When and where will the Court decide whether to approve the Settlement?
13. Do I have to come to the hearing?
14. May I speak at the hearing?

## IF YOU DO NOTHING
15. What happens if I do nothing at all?

## GETTING MORE INFORMATION
16. Are there more details available about the Settlement?
17. How do I get more information?

2

# BASIC INFORMATION

## 1. Why did I receive notice of the proposed settlement?

United has identified you as an out-of-network ("ONET") provider to whom it sent a request for repayment of an alleged claim overpayment (a "Repayment Request") on or after January 24, 2005, and which was still pending as of the date of the Settlement. This makes you a member of the Class in the Lawsuit (a "Class Member").

The Court ordered that you receive notice because you have a right to know about the proposed settlement in this class action lawsuit and about all of your options before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections and appeals are resolved, United will provide clear instructions for Class Members and all ONET providers to pursue ERISA appeal rights as authorized representatives of patients whose benefits are insured or administered by United ("United insureds") in the future. The Settlement will also provide Class Members the opportunity to pursue appeal rights as authorized representatives in connection with certain existing Repayment Requests and will provide clear instructions for Class Members to challenge United's recovery of an alleged overpayment. You will be informed of developments on the Settlement website. Information provided in this Notice explains the lawsuit, the Settlement, and your rights.

The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is known as *Integrated Orthopedics, Inc. v. UnitedHealth Group, et al.*, Civil Action No. 11-425 (ES) (JAD). The entities that initiated the lawsuit are Plaintiffs, and the United entities they sued are Defendants.

## 2. What is this lawsuit about?

The lawsuit concerned instances where, after first paying a claim submitted by an ONET provider, United later determined that it overpaid that claim and sent the provider a Repayment Request. The lawsuit claimed that, on and after January 24, 2005, United failed to give ONET providers notice and appeal rights required by ERISA in connection with those Repayment Requests.

These notice and appeal rights are set forth in 29 C.F.R. § 2560.503-1(g) and (h) (the "ERISA Claims Regulation"). This regulation mandates that "the plan administrator shall provide a claimant with . . . notification of any adverse benefit determination . . . [that] shall set forth" (among other things) the following:

- "The specific reason or reasons for the adverse determination";

- "Reference to the specific plan provisions on which the determination is based";

- "A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review"; and

3

- "If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; and the right to appeal the claim redetermination."

The regulation also requires the establishment of "a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination."

The Class did not seek the payment of any money but rather that United be required to provide these ERISA appeal rights to ONET providers in connection with United's Repayment Requests.

## 3.  Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Class Representative is Integrated Orthopedics, Inc., an Illinois supplier of durable medical equipment and durable medical supplies), sue on behalf of people who have similar claims.  All of these people are class members and together they are the class.  A single court will resolve the issues for all class members.  U.S. District Judge Esther Salas is the judge who presides over this class action.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to the Settlement.  That way, both sides avoid the cost and risks of a trial.  The Class Representative and the attorneys for the Class think that the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

## 5.  How do I know if I am part of the Settlement?

If you received a postcard notice about this settlement from the Settlement Administrator, United has identified you as a member of the Class from its records. The Class is defined as all ONET providers that any time after January 24, 2005: (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Request has not been fully resolved by payment, offset, or otherwise, as of the Effective Date of the Settlement Agreement.

## 6.  Can I exclude myself from the Settlement?

No.  If you are a Class Member, and the Court grants final approval to the Settlement, you and all other Class Members will be bound by the terms of the Settlement.  You cannot exclude yourself from, or "opt out" of, the Settlement.

7247043.1

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 7. What does the Settlement provide?

The Settlement provides important rights to Class Members and all ONET providers, both for future claims, and for existing overpayment claim redeterminations and Repayment Requests. For more details, see Section II of the Settlement Agreement, available on the website.

### Going Forward: ERISA Appeal Via Authorized Representative Status

United does not automatically provide ERISA appeal rights to ONET providers in connection with claim determinations because only ERISA plan participants (i.e., patients) are entitled to those rights. The Settlement provides that, in the future, United's UNET claim adjudication system will allow both Class Members and other ONET providers that are the "Authorized Representative" of a United plan participant to pursue ERISA appeals on the plan participant's behalf. An Authorized Representative is a person entitled to act on behalf of a plan participant, under section (b)(4) of the ERISA Claims Regulation.

Under the terms of the Settlement, with respect to the appeal of a future claim redetermination that is issued by United's UNET claim adjudication system in connection with an ERISA-governed plan, United will treat as and deem to be an Authorized Representative any ONET provider that submits to United in connection with that appeal either (a) an executed Authorized Representative Form that confers Authorized Representative status (United's version of an Authorized Representative form is attached as **Exhibit A** to this Notice and will also be made available on United's website and will be made freely available by United to all ONET providers upon request); or (b) any Assignment of Benefits form that includes language similar in substance to the language in **Exhibit B** to this Notice, regardless of the effectiveness of that form as an assignment of benefits. If you or any ONET provider submit either of these forms to United in connection with an appeal of a claim redetermination, United will allow that provider to pursue ERISA appeal rights as an authorized representative of a United insured in connection with that claim redetermination.

### Pending Overpayment Claim Redeterminations: ERISA Rights and Authorized Representative Status

The Settlement also gives Class Members certain rights with respect to pending overpayment Claim Redeterminations and Repayment Requests in the event that United recovers any alleged overpayment that conferred Class Member status. If United recovers an overpayment that is the subject of any Overpayment Determination or Claim Redetermination that is related to a Repayment Request that conferred Class Member status, United: (a) will deem, treat, and regard Class Members who challenge that recovery in an individual, non-class action under 29 U.S.C. § 1132(a)(1)(B) as Authorized Representatives for purposes of that litigation; (b) will not contend in any such civil action that the Settlement Agreement precludes the Class Member from arguing that administrative remedies were exhausted or that such exhaustion should be excused with respect to that recovery; (c) acknowledges that it is United's position that the Repayment Requests it sends to providers are not intended to alone provide proper notice of an adverse benefit determination under the requirements of the ERISA Claims Regulation; and (d) agrees that in any

7247043.1

such civil action, the Class Member may cite that acknowledgment in support of an argument excusing exhaustion with respect to that recovery.

Class Members to whom United sent a Repayment Request and revised Provider Explanation of Benefits that indicated the overpaid claim had been adjusted within one year prior to the Effective Date of the Settlement Agreement will receive additional information and rights. The Settlement Agreement uses a one-year "lookback" period for the additional information and rights because it is the period of time when (a) in part due to United's policy of adhering to state law time limits on its ability to recoup overpayments, Class Members are at the greatest risk of having the alleged overpayment recovered by United, via offset, collection, or otherwise; and (b) United has the maximum ability to provide the specified appeal rights. Those Class Members will receive a spreadsheet listing all such overpayment claim redeterminations with dates, dollar amounts, and an explanation for each overpayment claim redetermination. United will: (a) treat, deem, and regard all such Class Members as Authorized Representatives for those claim redeterminations; (b) give them the opportunity to request (free of charge) additional information about those claim redeterminations that affected them; and (c) notify them (i) that they can appeal those claim redeterminations within 180 days, (ii) that United will decide any such appeal within 540 days, and (iii) that Class Members can file a civil action under ERISA with respect to such overpayment claim redeterminations on behalf of the United member once all appeals have been exhausted, so long as the civil action is filed within applicable time limitations, which will be tolled while United decides the appeal. United further agrees that it will not argue in those appeals or in any post-appeal civil action that the Class Member failed to exhaust administrative remedies.

# THE LAWYERS REPRESENTING YOU

## 8. Do I have a lawyer in this case?

The Court appointed the following law firms as Class Counsel to represent Class Members, including you. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

John W. Leardi
Vincent N. Buttaci
Paul D. Werner
BUTTACI LEARDI & WERNER LLC
212 Carnegie Center, Suite 202
Princeton, NJ 08540
609-799-5150

D. Brian Hufford
Jason S. Cowart
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
212-704-9600

Andrew N. Goldfarb
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800

## 9.  How will the lawyers be paid?

The Settlement Agreement provides that, with Court approval, United will pay Class Counsel $4,210,000 for attorneys' fees and out-of-pocket expenses incurred to prosecute this case.  The attorneys' fees would compensate Class Counsel for their work since 2011 to investigate the facts, litigate the case, and negotiate the Settlement—all without receiving any payment to date.  None of that money will come from, or reduce in any way plan benefits payable to, any Class Member or ONET provider.

## 10.  Will the Class Representative receive anything?

Pursuant to the Settlement Agreement, and subject to Court approval, United will pay the Class Representative, Integrated Orthopedics, Inc., the separate sum of $40,000 as a service award for its services as Class Representative.  Those services included investigation of claims, providing facts and documents in support of those claims, and giving multiple employee or corporate depositions.

# OBJECTING TO THE SETTLEMENT

## 11.  How do I tell the Court that I don't like the Settlement?

If you are a Class Member, you can object to the Settlement if you disapprove of any part of it.  To object, you must use the Objection Form, which is available on the Settlement website, www.UnitedERISARightsClassAction.com.  You may also send a letter, provided it contains the same information as requested on the Objection Form.  You must mail the objection to the following four different addresses postmarked no later than **[DATE]**:

| Court | Clerk of the Court<br>United States District Court for the District of New Jersey<br>Martin Luther King Building & U.S. Courthouse<br>50 Walnut Street, Room 4015<br>Newark, NJ 07101 |
|---|---|
| Class Counsel | John W. Leardi<br>BUTTACI LEARDI & WERNER LLC<br>212 Carnegie Center, Suite 202<br>Princeton, NJ 08540<br><br>Andrew N. Goldfarb<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street, NW, Suite 1000<br>Washington, DC 20036 |

7

| | |
|---|---|
| **Defense Counsel** | Brian D. Boyle<br>Kevin D. Feder<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006 |

**Please note**:  Judge Salas has ordered that, if you object, Class Counsel and Defense Counsel may take your deposition and review any relevant documents you may have, concerning your objection to the Settlement.  Neither Class Counsel nor Defense Counsel would represent you in those proceedings.  If you desire to have legal representation in connection with such a deposition, you will have to obtain—and pay—for that yourself.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing (a "Fairness Hearing") to decide whether to approve the Settlement. You (or your lawyer if you have one) may attend, and you (or your lawyer) may ask to speak, but you do not have to do so.

## 12.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at [DATE AND TIME], at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, Courtroom MLK 5A.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. Judge Salas will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Settlement, including the payment of attorneys' fees and expenses and a service award to the Class Representative.  We do not know how long it will take the Court to make these decisions.

## 13.  Do I have to come to the hearing?

No.  Class Counsel and Defense Counsel will answer questions Judge Salas may have.  But you (or your lawyer if you have one) are welcome to come at your own expense.  If you (or a lawyer on your behalf) send an objection, you do not have to come to Court to address it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 14.  May I speak at the hearing?

You (or your lawyer on your behalf) may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter stating your "Notice of Intention to Appear in *Integrated Orthopedics, Inc. v. UnitedHealth Group, et al*."  Be sure to include your name, address, telephone number, and signature.  You may also use the Notice of Intention to Appear form found on the website.  Your Notice of Intention to Appear must be postmarked no later than [Date] and be sent

to the Clerk of the Court, Class Counsel, and Defense Counsel, at the four addresses in listed in the answer to Question 11.

# IF YOU DO NOTHING

## 15.  What happens if I do nothing at all?

If you do nothing and the Settlement gains final approval of the Court, you will receive the benefits of the Settlement as described in Question 7.  If the Settlement is not approved by the Court, your legal rights will not be affected by it.

# GETTING MORE INFORMATION

## 16.  Are there more details about the Settlement?

This Notice summarizes the proposed settlement.  More details can be found on the Settlement website, www.UnitedERISARightsClassAction.com.  These documents include the following:

- Settlement Agreement

- Authorized Representative Form (Exhibit 5 to the Settlement Agreement)

- Assignment of Benefits Language (Exhibit 6 to the Settlement Agreement)

- Court's August 28, 2014 Opinion Conditionally Granting Class Certification

- Court's December 15, 2014 Opinion and Order Granting Class Certification

- Court's [Date] Order Granting Preliminary Approval of Settlement Agreement

- Objection Form

- Notice of Intention to Appear

## 17.  How do I get more information?

You can call 1-xxx-xxx-xxxx toll free; write to *Integrated Orthopedics, Inc. v. UnitedHealth Group* Class Action Settlement Administrator, P.O. Box xxx, CITY, STATE, ZIP; or visit the Settlement website, www.UnitedERISARightsClassAction.com.

7247043.1

Exhibit 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., on behalf of a certified class, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, *et al*., <br><br> Defendants. | Civil Action No. 11-425 (ES) (JAD) |

## FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, against UnitedHealth Group, United HealthCare Services, Inc., and OptumHealth Care Solutions, Inc. (collectively referred to as "United").

Presented to the Court for preliminary approval is a settlement of the litigation as against United. The terms of the Settlement are set out in a Stipulation and Agreement of Settlement dated _____, 2020 (the "Settlement"), executed by counsel for Integrated Orthopedics ("Class Representative") and for United. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement.

The Court has preliminarily considered the Settlement to determine, among other things, whether the Court is likely to find the Settlement to be fair, reasonable, and adequate, and thus that members of the Class should receive notice concerning the Settlement. Upon reviewing the record and good cause appearing therefor,

7207159.3

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.      **Preliminary Findings Regarding Proposed Settlement**:  The Court finds that it will likely conclude that:

A.      The Class Representative and Class Counsel have adequately represented the Class.

B.      The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen in part by a neutral mediator;

C.      The Settlement was negotiated only after Class Counsel had litigated the case for over six years, conducted thorough discovery of documentary evidence and deposition testimony; conducted a pre-settlement investigation; received pertinent information and documents from Defendants and non-parties; and participated in a year-long mediation before the Honorable Garrett E. Brown, Jr. (Ret.);

D.      Class Counsel and the Class Representative have concluded that the Settlement is fair, reasonable, and adequate; and

E.      The  relief provided for the Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the Class; and (iii) the terms of any proposed award of attorney's fees, including timing of payment.

F.      The Settlement treats Class members equitably relative to each other.

2.      **Fairness Hearing**:  A hearing (the "Fairness Hearing") is scheduled at the United States District Court for the District of New Jersey, Judge Esther Salas presiding, at _____.m. on _____, 20__, [a date no sooner than one hundred twenty (120) calendar days after the date the Preliminary Order is filed] to determine, among other issues:

      A.      Whether the Settlement should be approved as fair, reasonable, and adequate;

      B.      Whether the Court should enter the Final Approval Order, and

      C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, and Class Representative Service Awards.

**3.**      **Class Certification**:  Pursuant to Fed. R. Civ. P. 23(c)(1)(C), the definition of the previously certified ONET Repayment Demand Class will be revised on a preliminary basis and for settlement purposes only as follows:

> All ONET Providers (such as individual practitioners, or durable medical equipment providers or facilities) who, at any time after January 24, 2005:  (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Request has not been fully resolved by payment, offset, or otherwise, as of as of the Effective Date of This Agreement.

**4.**      **Class Counsel**:  The Court appoints as counsel for the Class D. Brian Hufford, Jason S. Cowart, and Andrew N. Goldfarb of the law firm of Zuckerman Spaeder LLP; John W. Leardi, Vincent Buttaci, and Paul D. Werner of the law firm of Buttaci Leardi & Werner LLC; and Anthony Maul of The Maul Firm, P.C.

**5.**      **Settlement Administrator**:  The Court appoints _____ as Settlement Administrator.

**6.**      **Class Notice**:  The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notices").

      A.      The Court finds that the proposed forms and content therein fairly and adequately:

            i.      Describe the terms and effect of the Settlement;

7207159.3

ii. Notify the Class that Class Counsel will seek compensation for Attorneys' Fees and Costs, and Class Representative Service Awards via an application to be filed with the Court at least fourteen (14) days before the deadline for submission of objections;

iii. Give notice to the Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

iv. Describe how the recipients of the Class Notice may object to the Settlement, or to any requested attorneys' fees and costs, or Class Representative Service Awards.

B. The Settlement Administrator will, at United's expense, mail to Class members listed on the Class List the Short Form Notice in substantially the same form as Exhibit 1, and post on the Website the Long Form Notice substantially in the same form as Exhibit 2. The Settlement Administrator shall use its best efforts to complete the mailing of the Short Form Notice to Class members within thirty (30) days after date of this order.

C. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices, the mailing of the Short Form Settlement Notice, and posting of the Long Form Notice on the Website constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

**7.** **Preliminary Injunction**:  Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

7207159.3

agents, employees, owners, attorneys, predecessors, successors, and assigns, are preliminarily

enjoined from commencing or prosecuting against the Released Parties any action, proceeding,

suit, cause of action, or claim that alleges any of the Released Class Claims, even if any Class

Member may thereafter discover facts in addition to or different from those which the Class

Members or Class Counsel now know or believe to be true with respect to the Litigation and the

Released Class Claims.  Further, pending final determination of whether the Settlement should

be approved, no Class Member may directly, through representatives, or in any other capacity,

including as authorized representatives or assignees of patients, commence or prosecute any

action, proceeding, suit, cause of action, or claim in any court or tribunal asserting any of the

Released Class Claims against the Released Parties.  However, nothing shall prevent United

from seeking to dismiss or otherwise terminate any action or proceeding related to a Released

Class Claim on grounds other than operation of the Settlement and/or this Final Approval Order;

nor shall the assertion of other grounds for the dismissal or termination of an action or

proceeding related to a Released Class Claim prevent United to from later asserting that such

action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

8.      **Fee and Expense Application**: Class Counsel shall file a Fee and Expense

Application (which may be part of Plaintiffs' Motion for Final Approval) no later than fourteen

(14) days prior to the date set forth in this Order as the deadline for the objections.

9.      **Objections to Settlement**:  Any objections to the fairness, reasonableness or

adequacy of the Settlement, to any term of the Settlement, to the proposed Attorneys' Fees and

Costs, or Class Representative Service Awards shall be considered by the Court at the Fairness

Hearing, if they have been filed validly with the Clerk of the Court and copies provided to Class

Counsel and Defense Counsel.  To be filed validly, the objection and any supporting documents

must be filed at least twenty-eight (28) days prior to the scheduled Fairness Hearing.  Any person

wishing to speak at the Fairness Hearing shall (personally or through counsel) file and serve a

notice of intent to appear within the time limitation set forth above.

10.     **Responses to Objections and Final Approval Motion**:  Any party may file a

response to an objection by a Class Member at least fourteen (14) days before the Fairness

Hearing, and Plaintiffs shall file their Final Approval Motion at least seven (7) days before the

Fairness Hearing.

11.     **CAFA Notices**:  The form of notices pursuant to the Class Action Fairness Act

("CAFA"), 29 U.S.C. § 1711, et seq., attached hereto, is approved.  Upon mailing of the CAFA

notices, Defendants shall have fulfilled their obligations under CAFA.

12.     **Stay of Litigation Proceedings That Are Unrelated to Settlement.** Pending

final determination of the joint application for approval of the Settlement Agreement, all

proceedings in this Litigation other than settlement approval proceedings shall be stayed.

13.     **Continuance of Hearing**:  The Court may adjourn or continue the Fairness

Hearing without further direct notice to the Class Members, other than by notice to Class

Counsel.

**IT IS SO ORDERED.**

DATED:_____ , 2020

_____
HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE

6

7207159.3

Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., on behalf of a certified class,<br><br>                              Plaintiffs,<br><br>          v.<br><br>UNITEDHEALTH GROUP, *et al*.,<br><br>Defendants. | Civil Action No. 11-425 (ES) (JAD) |

## FINAL APPROVAL ORDER AND JUDGMENT

**Wherefore, this \_\_\_ day of _____, 20\_\_**, upon consideration of Plaintiffs' motion for final approval of the Stipulation and Agreement of Settlement dated _____ (herein the "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement.

2.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Class.

3.      The Class is the previously-certified ONET Repayment Demand Class whose definition is hereby revised pursuant to Fed. R. Civ. P. 23(c)(1)(C) to be as follows:

> All ONET Providers (such as individual practitioners, or durable medical equipment providers or facilities) who, at any time after January 24, 2005: (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Requests have not been fully resolved by

payment, offset, or otherwise, as of as of the Effective Date of This Agreement.

4.      Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Litigation.

5.      The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, _____ Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort.  Of those, _____ (_____%) were returned as undeliverable.  The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members.

7.      All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, have been met, and Defendants have fulfilled their obligations under the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, by timely providing notice of the Settlement to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

8.      The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

9.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

2

7207170.2

       a.      The Class Representative and Class Counsel have adequately represented the Class.

       b.      The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen in part by a neutral mediator;

       c.      The Settlement was negotiated only after Class Counsel had litigated the case for over six years, conducted thorough discovery of documentary evidence and deposition testimony; conducted a pre-settlement investigation; received pertinent information and documents from Defendants and non-parties; and participated in a year-long mediation before the Honorable Garrett E. Brown, Jr. (Ret.);

       d.      Class Counsel and the Class Representative have concluded that the Settlement is fair, reasonable, and adequate; and

       e.      The relief provided for the Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the Class; and (iii) the terms of any proposed award of attorney's fees, including timing of payment.

       f.      The Settling Parties were well-positioned to evaluate the value of the Litigation;

       g.      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

       h.      The Class Representative has actively and independently participated in the Litigation;

       i.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement to the Court; and

7207170.2

j.      There were ☐ objections to the Settlement.  ☐ of those objections were timely.  The Court has considered all of them, including the untimely ones, and has overruled them with prejudice.

10.      The Motion for Final Approval of the Settlement is hereby GRANTED, the settlement of the Litigation is APPROVED as fair, reasonable, and adequate to the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement.

11.      The operative Second Amended Complaint and all claims asserted therein, whether asserted by the Class Representative on its own behalf or on behalf of the Class Members, or derivatively to secure relief for the United Plans, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement.

12.      Each member of the Class and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Class Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Class Claims.  This provision shall apply to all such persons regardless of whether any such person (A) may thereafter discover facts in addition to or different from those which such person or Class Counsel now know or believe to be true with respect to the Litigation and the Released Class Claims, or (B) may have filed an objection to the Settlement.

7207170.2

13.     United shall be conclusively deemed to have, and by operation of this Final

Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and

discharged Named Plaintiffs, members of the Class, or Class Counsel from all Released United

Claims.

14.     The Class Members hereby settle, release, relinquish, waive, and discharge any

and all rights or benefits they may now have, or in the future may have, under any law relating to

the releases of unknown claims, including without limitation, Section 1542 of the California

Civil Code, which provides: "A general release does not extend to claims which the creditor

does not know or suspect to exist in his favor at the time of executing the release, which if

known by him must have materially affected his settlement with the debtor." The Class

Members with respect to the Released Class Claims also hereby waive any and all provisions,

rights, and benefits conferred by any law of any State or territory of the United States or any

foreign country, or any principle of common law, which are similar, comparable or equivalent in

substance to Section 1542 of the California Civil Code.

15.     The Court finds that it has subject matter jurisdiction over the claims herein and

personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of

ERISA and expressly retains that jurisdiction for purposes of enforcing this Final Approval

Order and/or the Settlement. Any motion to enforce this Final Approval Order or the Settlement,

including by way of injunction, may be filed in this Court, and the provisions of the Settlement

and/or this Final Approval Order shall serve as and may be asserted as an absolute and complete

affirmative defense and/or counterclaim to any action that is asserted in violation of the

Settlement, in this or any other forum. However, nothing shall prevent United from seeking to

dismiss or otherwise terminate any action or proceeding related to a released claim on grounds

7207170.2

other than operation of the Settlement and/or this Final Approval Order; nor shall the assertion of other grounds for the dismissal or termination of an action or proceeding related to a released claim prevent United from later asserting that such action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

16.     Upon the effective date of this Order, Plaintiffs, Defendants, and all Class Members shall be bound by the Settlement.

**IT IS SO ORDERED.**

DATED: _____, 20____

_____
HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE

7207170.2

Exhibit 5

## **Exhibit 5**

Authorized Representative Form:

      United will treat all forms executed by a plan beneficiary or plan participant as conferring Authorized Representative status on a provider that "authorize," "designate," "appoint," "select" or "identify" a provider to act as the beneficiary or plan participant's "representative."

Exhibit 6

## **Exhibit 6**

Assignment of Benefits:

      United will treat all forms executed by a plan beneficiary or plan participant as an Assignment of Benefits where that form purports to "assign," "convey," or "transfer" to a provider any "right," "claim," "cause of action," or "chose in action" with respect to the plan beneficiary's or plan participants' plan or insurance policy.  Nothing in this Settlement prevents United from enforcing the terms of any plan provisions preventing plan participants from assigning rights to providers ("anti-assignment provisions").

Exhibit 7

**EXHIBIT 7**

**<u>Legal Notice</u>**

A settlement has been approved by the Court in the class action lawsuit, *Integrated Orthopedics v. UnitedHealth Group*, Civil Action No.: 11-425 (ES) (JAD), (D.N.J). You have received this information because you have been identified as a class member who has provided service to a United member whose claim for healthcare benefits was redetermined within twelve (12) months of the Effective Date of the Agreement ("Recent Claim Redetermination"). Pursuant to the terms of the settlement, the enclosed spreadsheet provides the following information about these recently redetermined claims:

- the claim number;

- the date(s) of service;

- the date of Repayment Request;

- the date of Claim Redetermination and associated reprocessed provider explanation of benefits;

- the dollar amount associated with each Claim Redetermination; and

- the remark codes from the member explanation of benefits explaining the basis for the Claim Redetermination.

Under the terms of the settlement, United has agreed to deem, regard, and treat you as an Authorized Representative for the United members on whose behalf you submitted these claims.

As an Authorized Representative, you may appeal the redeterminations of the claims identified on the enclosed spreadsheet within 180 days pursuant to the ERISA Claims Regulation. If you appeal any such Claim Redetermination, United shall provide that United member with an appeal consistent with the requirements of § (h) of the ERISA Claims Regulation, 29 C.F.R. § 2560.503-1(h). United will decide any appeals filed pursuant to this process within 540 days of receipt of the appeal by United. Once all appeals have been exhausted, you may subsequently file a civil action under ERISA on the United member's behalf.

You may also request (free of charge) information relevant to the Claim Redeterminations identified on the enclosed spreadsheet.

Should you choose to file an appeal under this process for any of the claims identified on the enclosed spreadsheet, please send those appeals to [NAME/ADDRESS] within 180 days.

7235503.1

7247045.1

CAFA Template Notice

July [--], 2020

**<u>BY CERTIFIED MAIL</u>**

TO: ALL ADDRESSEES LISTED IN ATTACHMENT A

Re:     **Notice of Stipulated Class Action Settlement**
        ***Integrated Orthopedics, Inc., on behalf of a certified class v. UnitedHealth Group,***
        ***et al.,* Civil Action No.: 11-425 (ES) (JAD) (D.N.J.)**

Dear [Attorney General] [Commissioner]:

Pursuant to 28 U.S.C. § 1715, enacted as part of the Class Action Fairness Act of 2005
("CAFA"), the undersigned settlement administrator, at the request of Defendants UnitedHealth
Group, United HealthCare Services, Inc., and OptumHealth Care Solutions, Inc. (collectively
referred to as "United" herein), hereby provides your office with notice of the proposed class
settlement between Plaintiffs and United in the above-referenced matter pending in the United
States District Court for the District of New Jersey before Judge Esther Salas.

Enclosed is a CD containing the following documents relating to the proposed settlement as
required by 28 U.S.C. §§ 1715(b)(1), (2), (3), (4), and (8).

- Plaintiffs' Complaint, *Integrated Orthopedics, Inc., on behalf of a certified class v.
  UnitedHealth Group, et al.*, Civil Action No.: 11-425 (ES) (JAD) (D.N.J.);[1]

- Plaintiffs' First Amended Class Action Complaint;

- Plaintiffs' Second Amended Class Action Complaint;

- Plaintiffs' Motion for Preliminary Approval of Settlement with United, attaching Plaintiffs'
  Memorandum in Support of Motion for Preliminary Approval of Settlement with United,
  the Stipulation and Agreement of Settlement Between Plaintiffs and United, and the
  exhibits incorporated thereto, including:

  - o Proposed Short-Form Notice to be mailed to class members by the Settlement
      Administrator;

  - o Proposed Long-Form Notice for posting on the settlement website established,
      maintained and operated by the Settlement Administrator;

  - o Proposed Findings and Order Granting Preliminary Approval to Proposed
      Settlement, Approving Form and Dissemination of Class Notice, and Setting Date
      for Hearing on Final Approval; and

---

[1] The caption for this matter was originally *Premier Health Center, P.C., et al. v. UnitedHealth Group, et
al.*  It was changed to the current caption by court order on July 7, 2015.

       o   Proposed Final Approval Order and Judgment.

- The Final Approval Hearing will be held on a date to be set by the Court.

Pursuant to 28 U.S.C. §§ 1715(b)(5) and (6), please be advised that counsel for United and counsel for Plaintiffs have not entered into any other settlement or other agreement at the time of the settlement, and the Court has yet to order any final judgment or notice of dismissal.

Pursuant to 28 U.S.C. § 1715(b)(7), because Plaintiffs and United settled before the parties identified the members of the putative class, it is not feasible now to provide the names of the class members who reside in each state.  United has attempted to make a reasonable estimate of the number of potential class members residing in each state, and also to make a reasonable estimate of the proportionate share of the class members residing in each state relative to the total expected class membership.  Because this litigation, and the settlement, do not involve monetary relief for class members, it is not possible to estimate the proportionate share of the claims of potential class members residing in any state in relation to the entire settlement amount.

If you have any questions about this notice, the proposed settlement, or the enclosed materials, please do not hesitate to contact United's counsel, Brian Boyle of O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, DC 20006.

Sincerely,


[INSERT NAME OF SETTLEMENT ADMINISTRATOR]

*At the request of Defendants UnitedHealth Group, United HealthCare Services, Inc., and OptumHealth Care Solutions, Inc.*


Enclosure

2

7293548.2

**<u>ATTACHMENT A</u>**

**ATTACHMENT B**

7293548.2