UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., on behalf of a certified class,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, *et al.*,<br><br>Defendants. | Civil Action No. 11-425 (ES) (JAD) |

**FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, against UnitedHealth Group, United HealthCare Services, Inc., and OptumHealth Care Solutions, Inc. (collectively referred to as "United").

Presented to the Court for preliminary approval is a settlement of the litigation as against United. The terms of the Settlement are set out in a Stipulation and Agreement of Settlement dated _____, 2020 (the "Settlement"), executed by counsel for Integrated Orthopedics ("Class Representative") and for United. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement.

The Court has preliminarily considered the Settlement to determine, among other things, whether the Court is likely to find the Settlement to be fair, reasonable, and adequate, and thus that members of the Class should receive notice concerning the Settlement. Upon reviewing the record and good cause appearing therefor,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement**: The Court finds that it will likely conclude that:

    A. The Class Representative and Class Counsel have adequately represented the Class.

    B. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen in part by a neutral mediator;

    C. The Settlement was negotiated only after Class Counsel had litigated the case for over six years, conducted thorough discovery of documentary evidence and deposition testimony; conducted a pre-settlement investigation; received pertinent information and documents from Defendants and non-parties; and participated in a year-long mediation before the Honorable Garrett E. Brown, Jr. (Ret.);

    D. Class Counsel and the Class Representative have concluded that the Settlement is fair, reasonable, and adequate; and

    E. The relief provided for the Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the Class; and (iii) the terms of any proposed award of attorney's fees, including timing of payment.

    F. The Settlement treats Class members equitably relative to each other.

2. **Fairness Hearing**: A hearing (the "Fairness Hearing") is scheduled at the United States District Court for the District of New Jersey, Judge Esther Salas presiding, at _____.m. on _____, 20__, [a date no sooner than one hundred twenty (120) calendar days after the date the Preliminary Order is filed] to determine, among other issues:

  A. Whether the Settlement should be approved as fair, reasonable, and adequate;

  B. Whether the Court should enter the Final Approval Order, and

  C. Whether the Court should approve any motion for Attorneys' Fees and Costs, and Class Representative Service Awards.

 3. **Class Certification**: Pursuant to Fed. R. Civ. P. 23(c)(1)(C), the definition of the previously certified ONET Repayment Demand Class will be revised on a preliminary basis and for settlement purposes only as follows:

> All ONET Providers (such as individual practitioners, or durable medical equipment providers or facilities) who, at any time after January 24, 2005: (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Request has not been fully resolved by payment, offset, or otherwise, as of as of the Effective Date of This Agreement.

 4. **Class Counsel**: The Court appoints as counsel for the Class D. Brian Hufford, Jason S. Cowart, and Andrew N. Goldfarb of the law firm of Zuckerman Spaeder LLP; John W. Leardi, Vincent Buttaci, and Paul D. Werner of the law firm of Buttaci Leardi & Werner LLC; and Anthony Maul of The Maul Firm, P.C.

 5. **Settlement Administrator**: The Court appoints _____ as Settlement Administrator.

 6. **Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notices").

  A. The Court finds that the proposed forms and content therein fairly and adequately:

   i. Describe the terms and effect of the Settlement;

        ii.        Notify the Class that Class Counsel will seek compensation for Attorneys' Fees and Costs, and Class Representative Service Awards via an application to be filed with the Court at least fourteen (14) days before the deadline for submission of objections;

        iii.        Give notice to the Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        iv.        Describe how the recipients of the Class Notice may object to the Settlement, or to any requested attorneys' fees and costs, or Class Representative Service Awards.

    B.    The Settlement Administrator will, at United's expense, mail to Class members listed on the Class List the Short Form Notice in substantially the same form as Exhibit 1, and post on the Website the Long Form Notice substantially in the same form as Exhibit 2. The Settlement Administrator shall use its best efforts to complete the mailing of the Short Form Notice to Class members within thirty (30) days after date of this order.

    C.    Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices, the mailing of the Short Form Settlement Notice, and posting of the Long Form Notice on the Website constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

    **7.**    **Preliminary Injunction**:  Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

agents, employees, owners, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action, proceeding, suit, cause of action, or claim that alleges any of the Released Class Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Litigation and the Released Class Claims.  Further, pending final determination of whether the Settlement should be approved, no Class Member may directly, through representatives, or in any other capacity, including as authorized representatives or assignees of patients, commence or prosecute any action, proceeding, suit, cause of action, or claim in any court or tribunal asserting any of the Released Class Claims against the Released Parties.  However, nothing shall prevent United from seeking to dismiss or otherwise terminate any action or proceeding related to a Released Class Claim on grounds other than operation of the Settlement and/or this Final Approval Order; nor shall the assertion of other grounds for the dismissal or termination of an action or proceeding related to a Released Class Claim prevent United to from later asserting that such action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

8.     **Fee and Expense Application**: Class Counsel shall file a Fee and Expense Application (which may be part of Plaintiffs' Motion for Final Approval) no later than fourteen (14) days prior to the date set forth in this Order as the deadline for the objections.

9.     **Objections to Settlement**:  Any objections to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement, to the proposed Attorneys' Fees and Costs, or Class Representative Service Awards shall be considered by the Court at the Fairness Hearing, if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection and any supporting documents

must be filed at least twenty-eight (28) days prior to the scheduled Fairness Hearing.  Any person wishing to speak at the Fairness Hearing shall (personally or through counsel) file and serve a notice of intent to appear within the time limitation set forth above.

10. **Responses to Objections and Final Approval Motion**:  Any party may file a response to an objection by a Class Member at least fourteen (14) days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least seven (7) days before the Fairness Hearing.

11. **CAFA Notices**:  The form of notices pursuant to the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., attached hereto, is approved.  Upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA.

12. **Stay of Litigation Proceedings That Are Unrelated to Settlement.** Pending final determination of the joint application for approval of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

13. **Continuance of Hearing**:  The Court may adjourn or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel.

**IT IS SO ORDERED.**

DATED:_____ , 2020

_____
HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE

7207159.3