UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEGRATED ORTHOPEDICS, INC., *on behalf of itself and a certified class of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, *et al.*,<br><br>Defendants. | No. 11-cv-425 (ES)(CLW) |

## FINAL APPROVAL ORDER AND JUDGMENT

**Wherefore, this** 4th **day of** March **, 2021**, upon consideration of Plaintiff's February 18, 2021 motion for final approval of the class action settlement dated July 26, 2020 (herein the "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Class.

3. The Class is the previously-certified ONET Repayment Demand Class whose definition is hereby revised pursuant to Fed. R. Civ. P. 23(c)(1)(C) to be as follows:

> All ONET Providers (such as individual practitioners, or durable medical equipment providers or facilities) who, at any time after January 24, 2005: (1) provided healthcare services or supplies to patients insured under a United Plan, (2) after having received benefit payments from United for those services or supplies, received one or more Repayment Requests from or on behalf of United for all or a portion of such payments, and (3) where at least one such Repayment Requests have not been fully resolved by payment, offset, or otherwise, as of as of the Effective Date of This Agreement.

4. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Litigation.

5. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, 49,987 Short Form Notices were timely distributed by first-class mail to all Class Members who could be identified from United's records. Of those initially returned as undeliverable, the Settlement Administrator searched for updated address information and re-mailed notices to

the 2,567 Class Members for whom it identified an updated address. In total, the Short Form Notice was successfully sent to 92.2% of the Class (46,072 of 49,987).

7. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, have been met, and Defendants have fulfilled their obligations under the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, by the Settlement Administrator's timely providing notice of the Settlement to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

8. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to the people, powers, and entities entitled thereto.

9. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    a. The Class Representative and Class Counsel have adequately represented the Class.

   b. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen in part by a neutral mediator;

   c. The Settlement was negotiated only after Class Counsel had litigated the case for approximately six years, conducted thorough discovery of documentary evidence and deposition testimony; conducted a pre-settlement investigation; received pertinent information and documents from Defendants and non-parties; and participated in a year-long mediation before the Honorable Garrett E. Brown, Jr. (Ret.);

   d. Class Counsel and the Class Representative have concluded that the Settlement is fair, reasonable, and adequate; and

   e. The relief provided for the Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the Class; and (iii) the terms of any proposed award of attorney's fees, including timing of payment.

   f. The Settling Parties were well-positioned to evaluate the value of the Litigation;

   g. If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

4

    h.  The Class Representative has actively and independently participated in the Litigation;

    i.  Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement to the Court; and

    j.  There was one objection to the Settlement. ECF No. 425. That objection was timely submitted. The Court has considered it, and hereby overrules it with prejudice.

  10.  The Motion for Final Approval of Class Settlement is hereby GRANTED, the settlement of the Litigation is APPROVED as fair, reasonable, and adequate to the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement.

  11.  Plaintiff's Motion for an Award of Attorneys' Fees and Costs and a Service Award for the Class Representative (ECF No. 424) is GRANTED. The Court finds the fee and expense request is reasonable, approves Plaintiff's request for $4.21 million in attorneys' fees and expenses, and approves a service award for the Class Representative in the amount of $40,000.

  12.  The operative Second Amended Complaint and all claims asserted therein, whether asserted by the Class Representative on its own behalf or on behalf of the Class Members, or derivatively to secure relief for the United Plans,

are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement.

13. Each member of the Class and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Class Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Class Claims. This provision shall apply to all such persons regardless of whether any such person (A) may thereafter discover facts in addition to or different from those which such person or Class Counsel now know or believe to be true with respect to the Litigation and the Released Class Claims, or (B) may have filed an objection to the Settlement.

14. United shall be conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Named Plaintiff, members of the Class, or Class Counsel from all Released United Claims.

15. The Class Members hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may

6

have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members with respect to the Released Class Claims also hereby waive any and all provisions, rights, and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

16. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement. Any motion to enforce this Final Approval Order or the Settlement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement and/or this Final Approval Order shall serve as and may be asserted as an absolute and complete affirmative defense and/or counterclaim to any action that is asserted in violation of the Settlement, in this or any other forum. However, nothing shall prevent United from seeking to dismiss or otherwise terminate any action or

proceeding related to a released claim on grounds other than operation of the Settlement and/or this Final Approval Order; nor shall the assertion of other grounds for the dismissal or termination of an action or proceeding related to a released claim prevent United from later asserting that such action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

17. To facilitate the implementation and administration of the Settlement, the Discovery Confidentiality Order (ECF No. 50) is hereby AMENDED: (i) to insert the following text as subsection 5(h): "Upon the execution of Exhibit B, the Settlement Administrator appointed by the Court to facilitate implementation of the Settlement Agreement, including the provision of the Recent Claim Redetermination List by the Defendants to the Settlement Administrator; the Settlement Administrator shall also be permitted to share information from the Recent Claim Redetermination List about a specific Claim Redetermination only with the Class member to whom that specific Claim Redetermination information pertains to the extent that it is necessary to adequately notify that Class member of its rights under Section II.c. of the Settlement Agreement"; and (ii) to add Exhibit B to the Discovery Confidentiality Order, attached hereto as Attachment 1.

18. Upon the effective date of this Order, Plaintiff, Defendants, and all Class Members shall be bound by the Settlement.

**IT IS SO ORDERED.**

DATED: <u>  March 4    </u>, 2021

                                                            _____
                                                            John Michael Vazquez,
                                                            UNITED STATES DISTRICT JUDGE

# ATTACHMENT 1

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

INTEGRATED ORTHOPEDICS, INC., on behalf of a certified class,

                Plaintiffs,

    v.                        Civil Action No. 11-425 (ES) (JMV)

UNITEDHEALTH GROUP, *et al.*,

                Defendants.

## SETTLEMENT ADMINISTRATOR'S AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present title at A.B. Data, Ltd. is _____.

3. The address of A.B. Data, Ltd. is _____.

4. A.B. Data, Ltd. has been appointed by the Court in the above-referenced matter to administer the settlement agreed upon by the parties as memorialized in the July 26, 2020 Stipulation and Agreement of Settlement ("Settlement"), and approved by the Court. In connection with the Settlement administration, employees of A.B. Data, Ltd. will have access to certain claim-identifying information and Confidential Health Information.

5. I am authorized to enter this Agreement on behalf of, and binding, A.B. Data, Ltd.

6. I have carefully read and understand the provisions of the Discovery Confidentiality Order (ECF No. 50) signed by the Court, as amended by further Order issued by

the Court approving the Settlement, and A.B. Data, Ltd will comply with all provisions of the Discovery Confidentiality Order.

7. A.B. Data, Ltd. will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Health Information, however, A.B. Data, Ltd. may share certain limited Confidential Health Information with the specific Class members to whom that information pertains to the extent necessary to notify those specific Class members of their rights under the Settlement.

8. A.B. Data, Ltd. will limit use of such Confidential Health Information solely for purpose of the Settlement of this action.

I declare under penalty of perjury that the foregoing is true and correct, and agree on behalf of A.B. Data, Ltd., to submit to the jurisdiction of this Court for purposes of enforcement of this Agreement and compliance with the Discovery Confidentiality Order.

Dated: _____

_____
[signature] on behalf of A.B. Data, Ltd.

_____
[printed name]